*In re* IVÁN PAGÁN HERNÁNDEZ.

*Número:* AB-95-126          *Resuelto:* 21 de junio de 1996

---

*Jacqueline Novas Debién, Subprocuradora General*, y *Edgardo Rodríguez Quilinchini, Procurador General Auxiliar*, en informe; *Iván Pagán Hernández, pro se.*

PER CURIAM:

I

Para finales de 1994, el Sr. Luis Rául Reyes López contrató los servicios profesionales del Lcdo. Iván Pagán Hernández para que lo representara en la vista de adjudicación de daños en el caso *Alfredo Mercado Rivera y otros v. José M. Dávila Rodríguez y otros*, Caso Civil Núm. FDP-92-0088, en el cual era uno de los codemandados, así como en la apelación de dicho caso ante el Tribunal de Circuito de Apelaciones. Un día antes del comienzo de dicha vista,

el licenciado Pagán Hernández le informó por teléfono al señor Reyes López que no podía asistir a la vista porque tenía un señalamiento anterior en otro caso. Por lo tanto, el señor Reyes López compareció a la vista sin representación legal, por lo cual estuvo en desventaja al no entender bien los procedimientos de la vista y al haber comparecido la parte contraria con su abogado.

El 6 de febrero de 1995, el foro de instancia dictó una sentencia en la que condenó solidariamente a los demandados, entre ellos el señor Reyes López, a pagarle a los demandantes, Alfredo Mercado Rivera y otros, ciento cincuenta mil dólares ($150,000). En relación con dicha sentencia, el licenciado Pagán Hernández, en representación del señor Reyes López, sometió un recurso de apelación ante el Tribunal de Circuito de Apelaciones el 1ro de marzo de 1995 para solicitar la revisión de la sentencia del tribunal de instancia. La parte apelada Alfredo Mercado Rivera y otros, al amparo de las Reglas 31(b) y 28(e) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII, solicitó la desestimación del recurso de apelación, a lo cual el apelante Reyes López se opuso por medio de su representación legal, el licenciado Pagán Hernández.

Así las cosas, el 18 de abril de 1995 el licenciado Pagán Hernández, en representación del apelante Reyes López, presentó una moción informativa en la cual hizo una serie de alegaciones y con la cual acompañó unas fotografías. En oposición a esta moción, la parte apelada Alfredo Mercado Rivera sometió una moción eliminatoria, fundamentada en que las fotografías contenidas en la moción informativa del licenciado Pagán Hernández no formaban parte de la prueba que desfiló ante el foro de instancia. El apelado Alfredo Mercado Rivera también sometió otra moción en la que alegó que el licenciado Pagán Hernández no le notificó el apéndice del escrito de apelación ni contestó la parte de la moción de desestimación que aludía a este aspecto, y que el apéndice incluía otros documentos que, al igual que las

fotografías antes mencionadas, no eran parte de la prueba que desfiló ante el tribunal de instancia. El licenciado Pagán Hernández, entonces, le remitió el apéndice solicitado a la parte apelada.

Por medio de Resolución de 7 de junio de 1995, el Tribunal de Circuito de Apelaciones determinó que ni las fotografías ni varios documentos contenidos en el apéndice del escrito de apelación habían formado parte de la prueba ante el tribunal de instancia. Por lo tanto, declaró con lugar tanto la moción eliminatoria del apelado Alfredo Mercado Rivera como su moción de desestimación en lo referente al apéndice del escrito de apelación. Además, le concedió un plazo de veinte (20) días al licenciado Pagán Hernández para que gestionara el apéndice conjunto según el Reglamento del Tribunal de Circuito de Apelaciones. Finalmente, le impuso una sanción de quinientos dólares ($500) a favor del Estado Libre Asociado y se le apercibió de que el recurso sería desestimado de continuar el licenciado Pagán Hernández con prácticas similares en el caso.

A pesar de lo anterior, el licenciado Pagán Hernández volvió a someter los mismos documentos, e inclusive añadió un nuevo documento —un expediente médico— que tampoco había formado parte de la prueba ante el foro de instancia. El apelado Alfredo Mercado Rivera presentó entonces una moción de desestimación, a la cual el licenciado Pagán Hernández respondió por medio de una moción informativa en la que admitió haber sometido unos documentos nuevos sobre el expediente médico del apelado. Ante la objeción presentada por la parte apelada Mercado Rivera, el licenciado Pagán Hernández solicitó el retiro de dicho expediente.

El Tribunal de Circuito de Apelaciones, en Sentencia de 30 de octubre de 1995, resolvió que "nos vemos forzados a desestimar el presente recurso, ante el reiterado incumplimiento de las órdenes emitidas por este Tribunal por parte del Lcdo. Iván Pagán Hernández, abogado del apelante,

Luis Raúl Reyes López, así como las irregularidades habidas en el perfeccionamiento de la apelación". Sentencia, pág. 1.

El 11 de diciembre de 1995, el señor Reyes López presentó queja ante nos contra el licenciado Pagán Hernández. El 3 de enero de 1996, la Subsecretaria de este Tribunal le envió una carta al licenciado Pagán Hernández en la que le informó de la queja presentada en su contra y le dió un término para que se expresara. En contestación a dicha carta, el licenciado Pagán Hernández negó su responsabilidad, alegando que aceptó el caso como una consideración personal al señor Reyes López y que quiso complacerle sometiendo las antes mencionadas fotografías ante el Tribunal de Circuito de Apelaciones. El 6 de febrero de 1996, en virtud de la Regla 13 del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXI, le ordenamos al Procurador General que preparara un informe en el que se expresara sobre la queja sometida contra el licenciado Pagán Hernández e hiciera la recomendación que estimara pertinente. En dicho informe, presentado ante nos el 29 de febrero de 1996, el Procurador General determinó lo siguiente:

> Luego de evaluar el expediente del caso, es evidente que el querellado no puso empeño en llevar a cabo su gestión profesional. No sólo incumplió su deber de asumir una representación legal competente sino que hizo caso omiso a las órdenes del Tribunal de Circuito de Apelaciones, quien le dio una oportunidad para que presentara un nuevo apéndice conjunto conforme a las reglas de dicho tribunal. Informe del Procurador General, pág. 6.

El Procurador General concluyó que, en este caso, el licenciado Pagán Hernández violó los Cánones 12, 18, 35 y 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.

El 21 de marzo de 1996 le concedimos al licenciado Pagán Hernández un término de treinta (30) días para que mostrara causa por la cual no debía ser disciplinado. El licenciado Pagán Hernández entonces sometió un escrito

de comparecencia, algo desarticulado y poco coherente. En éste no niega los hechos ni justifica con argumentos válidos sus actuaciones. Ante estas circunstancias, procede resolver sin ulteriores procedimientos.

## II

■ En primer lugar, el Canon 12 del Código de Ética Profesional, *supra*, establece, en lo aquí pertinente, que:

> Es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas. Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución.

Esta obligación ha de cumplirla el abogado a través de todas las etapas de un litigio, y comprende el acatar fielmente las órdenes del tribunal. *Heftler Const. Co. v. Tribunal Superior*, 103 D.P.R. 844, 846 (1975); *Acevedo v. Compañía Telefónica de P.R.*, 102 D.P.R. 787, 791 (1974).

■ En segundo lugar, el Canon 18 del Código de Ética Profesional, *supra*, en lo que nos concierne, dispone lo siguiente:

> Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.
> Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.

■ En relación a dicho canon, hemos establecido que irrespectivamente de las razones y motivaciones que pueda tener un abogado para llevar o no un caso, una vez asume la representación de un cliente, tiene ante el cliente y "ante el tribunal la responsabilidad indelegable de llevar a cabo

esa gestión profesional con el más alto grado de diligencia y competencia posible". *In re Siverio Orta*, 117 D.P.R. 14, 19 (1986). Véase *In re Padilla Pérez*, 135 D.P.R. 770 (1994). También hemos dicho que "[u]n abogado que acepta una encomienda apelativa sin tener los conocimientos procesales y sustantivos necesarios para realizarla responsablemente y sin la preparación y dedicación que usualmente requieren los recurso apelativos refleja una falta de diligencia y de conocimiento que lo coloca al margen del Canon 18 del Código de Ética Profesional, *supra*". *In re Vélez Valentín*, 124 D.P.R. 403, 409 (1989).

█ Finalmente, el Canon 35 del Código de Ética Profesional, *supra*, dispone, en lo pertinente, que "no es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad ni se debe inducir al juzgador a error utilizando artificios o una falsa relación de los hechos o del derecho", y el Canon 38 del Código de Ética Profesional, *supra*, establece que el abogado debe evitar "hasta la apariencia de conducta impropia". Véase *In re Colón Ramery*, 133 D.P.R. 555 (1993).

En el caso ante nos, de los hechos se desprende que el licenciado Pagán Hernández violó los cánones antes citados. En relación con su cliente, el señor Reyes López, incumplió con su deber de asumir una representación legal competente y de defender los intereses de su cliente con diligencia, tanto al no comparecer a la vista de adjudicación de daños en el Caso Núm. FDP-92-0088 después de haberse obligado contractualmente con el señor Reyes López a representarlo, como al haber ocasionado con sus actuaciones la desestimación del recurso de apelación en ese caso. En su trámite ante el Tribunal de Circuito de Apelaciones, el licenciado Pagán Hernández actuó en violación a los cánones antes mencionados al presentar ante un foro apelativo documentos que no fueron parte de la prueba presentada ante el tribunal de instancia y, aún peor, al negarse a cumplir con las órdenes del Tribunal de Circuito

de Apelaciones, quien inclusive le dio una oportunidad para rectificar los errores cometidos por el licenciado Pagán Hernández en el perfeccionamiento del recurso de apelación. Estamos de acuerdo con la determinación del foro apelativo de que la desobediencia a las órdenes del tribunal del licenciado Pagán Hernández en este caso "refleja la clara intención de inducir a error", además de ser "un intento de alterar la eficiente tramitación del caso y la buena marcha de la justicia". Sentencia del Tribunal de Circuito de Apelaciones, pág. 7.

El cúmulo de actuaciones lesivas a los mejores intereses de la justicia que formaron parte del patrón de conducta seguido por el licenciado Pagán Hernández, en este caso, constituyeron una clara violación a los Cánones 12, 18, 35 y 38 del Código de de Ética Profesional, *supra*.

Por todo lo antes expuesto, *se dictará sentencia para suspender al abogado-notario Ivan Pagán Hernández del ejercicio de la profesión de abogado por tres (3) meses y hasta que otra cosa disponga este Tribunal. Se ordena también la incautación inmediata de los Protocolos del licenciado Pagán Hernández.*