CP-1997-13                                                                      1

En el Tribunal Supremo de Puerto Rico

| In re: | Querella |
|--------|----------|
| Miguel A. Laborde Freyre | 99 TSPR 124 |

Número del Caso: CP-1997-0013

Oficina del Procurador General:     Hon. Carlos Lugo Fiol,
                                    Procurador General

                                    Lcda. Ivonne Casanova Pelosi,
                                    Procuradora General Auxiliar

Abogado de la Parte Querellada:     Por Derecho Propio

Fecha: 7/12/1999

Materia: Conducta Profesional

    Este documento constituye un documento oficial del Tribunal
    Supremo que está sujeto a los cambios y correciones del
    proceso de compilación y publicación oficial de las
    decisiones del Tribunal. Su distribución electrónica se hace
    como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Miguel A. Laborde Freyre              CP-1997-13

PER CURIAM

San Juan, Puerto Rico, a 12 de julio  de 1999.

El 20 de junio de 1996 el señor José A. Escobar Rosa compareció ante el Procurador General a los efectos de presentar una queja contra el licenciado Miguel A. Laborde Freyre. El quejoso alegó que el 28 de octubre de 1991 su vehículo de motor fue hurtado mientras se encontraba estacionado en el "Parking Covadonga". Que contrató al Lcdo. Laborde Freyre para que lo representara en un pleito en daños y perjuicios contra el Municipio de San Juan y el "Parking Covadonga" como consecuencia del referido hurto. Señaló además, que el querellado omitió notificar la reclamación al Municipio de San Juan dentro del término que                                                        provee

la Ley Orgánica de los Municipios,[1] razón por la que ésta fue desestimada. Añadió que, a pesar de que el Honorable Carlos S. Dávila Vélez dictó sentencia contra la co-demandada "Parking Covadonga", dicha sentencia no era ejecutable ya que el estacionamiento carecía de personalidad jurídica para ser demandado.

Asimismo el quejoso se reunió con el licenciado Laborde Freyre para reclamarle su falta de diligencia en la representación de su caso. Alegó el quejoso que en dicha reunión el querellado aceptó su responsabilidad y accedió a otorgar un Pagaré a su favor por la cantidad de cinco mil dólares ($5,000.00) como compensación de los daños causados.

Luego de varios trámites, el 24 de octubre de 1997 emitimos Resolución concediéndole el término de treinta (30) días al Procurador General para presentar querella contra el licenciado Miguel A. Laborde Freyre. En cumplimiento con dicha Resolución, el 5 de noviembre de 1997 el Procurador General presentó la querella correspondiente imputándole al letrado los siguientes cargos:

### CARGO I

El Lcdo. Miguel A. Laborde Freyre violentó las disposiciones del Canon 18 de Etica Profesional el cual, entre otras cosas, obliga a todo abogado a defender los intereses de su cliente diligentemente desplegando en cada caso su más profundo saber y habilidad y a actuar en aquella forma que la profesión jurídica en general estime adecuada.

### CARGO II

El Lcdo. Miguel A. Laborde Freyre violentó las disposiciones del Canon 26 de Etica Profesional el cual, entre otras cosas, obliga a todo abogado, a no entablar pleitos viciosos o a instigar falsas defensas justificando dichos actos con el pretexto de que lo hace siguiendo las instrucciones de su cliente.

### CARGO III

El Lcdo. Miguel A. Laborde Freyre violentó el Canon 38 de Etica Profesional el cual, entre otras cosas, obliga a todo abogado, a preservar el honor y la dignidad de la profesión legal y evitar hasta la apariencia de conducta profesional impropia.

---

[1] Ley Núm. 81 de 30 de agosto de 1991, 21 L.P.R.A. sec. 4703(a) *et seq.*

El 6 de noviembre de 1997 le concedimos término al querellado para contestar la querella. Tras concederle una prórroga, finalmente compareció éste el 2 de febrero de 1998 negando haber incurrido en las alegadas violaciones. Señaló que el querellante le manifestó a él y al Procurador General de su deseo de retirar su queja. Posteriormente, mediante Moción Informativa, nos informó de un acuerdo con el querellante mediante el cual se obligaba a entregarle cinco mil dólares ($5,000.00) como indemnización. A esos efectos, acompañó dicha moción con copia del Pagaré suscrito y de la carta cursada por el querellante expresando su deseo de retirar su queja.

El 12 de mayo de 1998 emitimos Resolución nombrando Comisionado Especial al Hon. José Rodríguez Rivera y ordenando el señalamiento de la vista correspondiente.

El 24 de agosto de 1998 el querellado presentó un escrito titulado "Moción Sometiendo Documento" acompañado de una declaración jurada del querellante estableciendo que el querellado le satisfizo la totalidad de la cantidad acordada y su deseo de no proseguir acción alguna.

El Comisionado Especial nos presentó su informe el 8 de septiembre de 1998. Surge de este que la conferencia con antelación a la vista y la vista formal se celebraron el 17 de junio de 1998 y el 23 de julio de 1998, respectivamente. Se desprende del mismo que el querellado suscribió un pagaré a favor del querellante por la suma de cinco mil dólares ($5,000.00) a los fines de reparar las pérdidas sufridas por éste y en aras de que retirara la queja en su contra. Además, el Comisionado Especial nos informa que en la vista celebrada las partes no ofrecieron prueba, que el querellante manifestó que el aludido pagaré le fue pagado y que no tiene interés ulterior en la reclamación contra el licenciado Laborde Freyre. Asimismo, el Comisionado Especial señala que el Procurador General fue notificado de la moción del querellado del 24 de agosto de 1998 y no manifestó inconformidad alguna.

II

Innumerables veces hemos resuelto que un abogado que acepta un caso y luego no demuestra la competencia y diligencia que exige el ejercicio de la abogacía violenta las disposiciones del Código de Etica Profesional. *In re Verdejo Roque*, Opinión del 18 de marzo de 1998, 145 D.P.R. ___, 98 J.T.S. 30.

En el caso de marras, no cabe duda de que el querellado desatendió negligentemente la encomienda de su cliente al omitir notificar la reclamación al Municipio de San Juan dentro de los noventa (90) días que establece la Ley Núm. 81, *supra*. Más aún, según señala el Procurador Geneal en su Informe de 3 de junio de 1997, el querellado presentó un pleito vicioso contra el Municipio de San Juan luego de transcurrido el término de noventa (90) días, expresándole al querellante "que se presentaría la demanda por ver si algo se podía recuperar".

Surge de los hechos que el querellado indemnizó al querellante por los daños sufridos por su negligencia y que el querellante no tiene interés alguno en proseguir con la queja. No empece a ello, en *In re Verdejo Roque, supra*, resolvimos que independientemente de que el querellado haya indemnizado a su cliente por los daños causados por su conducta poco profesional, ello no lo dispensa de la violación ética incurrida. A esos efectos allí establecimos que "la responsabilidad civil que surge del incumplimiento de las obligaciones de un abogado para con sus clientes es separada e independiente del trámite disciplinario por infracción al Código de Etica". (citas omitidas).

Si bien es cierto que el resarcimiento de los daños por el abogado a su cliente puede ser un atenuante, ello no impide el ejercicio de nuestra jurisdicción disciplinaria. En el presente caso, el abogado querellado sostuvo que lleva quince (15) años ejerciendo la profesión y que nunca ha incurrido en conducta que pueda inducir a error al tribunal. Que su conducta se debió a un error de juicio no intencional al desconocer que el "Parking Covadonga" pertenece al Municipio de San Juan.

Analizada la conducta imputada al licenciado Laborde Freyre a la luz de los Cánones 18, 26 y 38 de Etica Profesional y la jurisprudencia citada, concluímos que éste faltó en el cumplimiento de sus obligaciones éticas.

El resarcimiento de los daños sufridos por su cliente con motivo de las actuaciones negligentes del abogado no es razón suficiente para librarlo de nuestra censura.

Por las razones expuestas censuramos al Lcdo. Miguel A. Laborde Freyre por su conducta; además, se le apercibe que en el futuro deberá dar fiel cumplimiento a los Cánones de Etica Profesional que rigen la profesión de abogado; deberá ser diligente en la defensa de los intereses de sus clientes; evitará entablar pleitos viciosos y deberá preservar el honor y la dignidad de la profesión legal, so pena de sanciones disciplinarias más severas.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Miguel A. Laborde Freyre          CP-1997-13

SENTENCIA

San Juan, Puerto Rico, a 12 de julio de 1999.

Por los fundamentos expuestos en la Opinión Per Curiam precedente, la cual se hace formar parte de esta sentencia, censuramos al Licenciado Miguel A. Laborde Freyre por su conducta; se le apercibe, además, que en el futuro deberá dar fiel cumplimiento a los Cánones de Etica Profesional que rigen la profesión de abogado; deberá ser diligente en la defensa de los intereses de sus clientes; evitará entablar pleitos viciosos y deberá preservar el honor y la dignidad de la profesión legal, so pena de sanciones disciplinarias más severas.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Negrón García emitió opinión de conformidad a la cual se une el Juez Asociado señor Hernández Denton. El Juez Presidente señor Andréu García no intervino.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Miguel A. Laborde Freyre        CP-97-13

Opinión de Conformidad del Juez Asociado señor Negrón García a la cual
se une el Juez Asociado señor Hernández Denton

San Juan, Puerto Rico, a 12 de julio de 1999

En la órbita de nuestra jurisdicción original disciplinaria constantemente nos
vemos obligados a adjudicar la conducta de miembros de la clase togada reñida con los
Cánones de Ética Profesional. La gama de posibilidades es tan grande como la variante
escala valorativa individual. Igual las posibles sanciones que comprenden desde la
separación indefinida, suspensión temporal o limitada, amonestación o censura,
adjetivadas o no.

En la delicada función de hacer justicia recta, una breve incursión a nuestras decisiones previas  -auxiliada de la mano con varios diccionarios

gramaticales y de términos jurídicos–,[2] nos permite precisar ciertos conceptos. Así, **sanción** simplemente es la pena o castigo que imponemos por las violaciones éticas. Sin embargo, al vocablo **amonestar**, se lo atribuimos generalmente al significado de **advertir o prevenir** sobre una conducta que podría resultar en algún castigo o consecuencia adversa, de continuar realizándose en el futuro. Puede significar represión, pero sin castigo.

En contraste, el término **censurar** implica una sanción más severa. Significa que hemos formado una opinión o juicio desfavorable sobre el abogado o su acción, imprimiéndole desaprobación. En esa situación, el énfasis es en la acepción **negativa** de este vocablo, esto es, "crítica negativa del comportamiento o de la actividad ajena". <u>Diccionario Salamanca de la lengua española</u>, <u>supra</u>, pág. 294.

Con vista a este marco conceptual, coincidimos con la sanción impuesta al Lcdo. Miguel A. Laborde Freyre. Su incumplimiento con los deberes éticos consagrados en los Cánones 18, 26 y 38 ameritan una **censura**, esto es, una adjudicación cuyo pronunciamiento conlleva una carga crítica negativa de este Tribunal en torno a su comportamiento.


ANTONIO S. NEGRÓN GARCÍA
Juez Asociado

---

[2] <u>Diccionario de la Real Academia de la Lengua Española</u>, Madrid, 1992, págs. 129, 456, 1839; <u>Diccionario Salamanca de la Lengua Española</u>, Madrid, Ed. Santillana, 1996, págs. 84, 294, 1428; <u>Diccionario de Uso del Español</u>, Madrid, Ed. Gredos, 1986, págs. 166, 575, 1101; <u>Diccionario de Términos Jurídicos</u>, New Hampshire, Equity, 1991, págs. 37, 251; <u>Vocabulario Jurídico</u>, Buenos Aires, Ed. Depalma, 1961, págs. 107, 500; y <u>Diccionario Enciclopédico de Derecho Usual</u>, Ed. Heliasta, 1987, págs. 74, 125, 294.