EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: Lourdes Rodríguez Villalba | Queja 2004 TSPR 23 160 DPR _____ |
|---|---|

Número del Caso: AB-2002-137

Fecha: 12 de diciembre de 2003

Oficina del Procuradora General:

Lcda. Edna Evelyn Rodríguez Benítez
Procuradora General Auxiliar

Abogada de la Querellada:

Lcda. Margarita Carrillo Iturrino

Materia: Conducta Profesional
(La suspensión de la abogada advino final y firme el día 11 de febrero de 2004.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lourdes Rodríguez Villalba

AB-2002-137

> Los abogados son una parte esencial en el proceso de impartir justicia. Como parte de dicho proceso, tienen la ineludible encomienda de desempeñar su ministerio con la mayor competencia, responsabilidad e integridad.[1]
>
> PER CURIAM

San Juan, Puerto Rico, a 12 de diciembre de 2003.

En el recurso de autos nos corresponde evaluar la conducta de la Lcda. Lourdes Rodríguez Villalba, a la luz de los Cánones de Ética Profesional, 4 L.P.R.A. Ap. IX. En esencia, corresponde pasar juicio sobre el desempeño de dicha abogada en el trámite de un caso que fue desestimado por su incumplimiento con las órdenes del Tribunal.

---

[1] In re Córdova González, 151 D.P.R. 260 (1994).

I

El 21 de mayo del año en curso, el Sr. Antonio Martínez Batista presentó ante esta Curia una comunicación jurada adjunta a una copia de la sentencia en rebeldía dictada por el Tribunal de Primera Instancia, Sala Superior de Carolina, contra la abogada de epígrafe en el caso de *Martínez Batista v. Rodríguez Villalba*.[2] Mediante dicha sentencia, el Tribunal de Primera Instancia, declaró con lugar una demanda sobre daños y perjuicios por impericia profesional instada contra la licenciada Rodríguez Villalba, y le condenó a satisfacer la suma de cincuenta y cuatro mil quinientos dólares ($54,500), más el pago de las costas, gastos e intereses a partir de la fecha de la presentación de la demanda.[3]

La referida sentencia tiene su génesis en un pleito en el que la licenciada Rodríguez Villalba fungió como la representante legal del señor Martínez Batista. De los autos ante nos se desprende que el querellante de marras contrató los servicios profesionales de la licenciada Rodríguez Villalba a los fines de que lo representara en un pleito civil de desahucio en el cual el querellante era parte demandada. En síntesis, en dicho caso se alegó que el señor Martínez Batista no había ejercitado una acción de

---

[2] Civil Núm. FDP01-0245.
[3] De esa cantidad, $36,500.00 correspondían a la inversión hacha por el demandante en una propiedad, $15,000.00 por los daños y perjuicios, y $3,000.00 en concepto de honorarios de abogado.

opción de compraventa dentro del término acordado, y que ostentaba en precario la posesión de la propiedad. En dicho caso el Tribunal de Primera Instancia dictó sentencia a favor del señor Martínez Batista.

La licenciada Rodríguez Villalba presentó entonces, en representación del señor Martínez Batista, una demanda por incumplimiento de contrato contra los dueños de la propiedad en cuestión. Esta acción culminó con una desestimación por incumplimiento con órdenes judiciales. Aunque del expediente de autos no surge con claridad, se desprende que dicho caso se instó nuevamente, y que por inacción de la licenciada Rodríguez Villalba, el mismo se desestimó en una segunda ocasión. Además, la abogada de epígrafe no notificó a su cliente de las sentencias en su contra, sino que éste se enteró de dichas decisiones adversas cuando compareció al tribunal y solicitó ver los expedientes.

A raíz de los hechos antes reseñados, el señor Martínez Batista presentó una demanda en daños y perjuicios por impericia profesional contra la licenciada Rodríguez Villalba. Dicha acción fue declarada con lugar, y culminó, según reseñáramos, con una sentencia que condenó a la querellada a resarcirle al señor Martínez Batista la cantidad de cincuenta y cuatro mil quinientos dólares ($54,500), más las costas e intereses correspondientes.

Esta es la sentencia que el señor Martínez Batista trajo ante nuestra consideración al presentar su queja.

Luego de que el Tribunal de Primera Instancia declarara con lugar la demanda por impericia profesional, la licenciada Rodríguez Villalba presentó una moción de reconsideración que fue declarada sin lugar. Consecuentemente, la licenciada le satisfizo al señor Martínez Batista la cantidad ordenada por el Tribunal de Primera Instancia. En vista de ello, el señor Martínez Batista acudió ante nos y expresó su interés en dar por desistida la queja contra la licenciada Rodríguez Batista.

Por su parte, la licenciada Rodríguez Villalba aceptó que la desestimación de la demanda se debió a que no actuó con completa diligencia para culminar el trámite procesal en un caso que tenía cierta complejidad debido a las múltiples personas que componen la sucesión del señor Figueroa Morales.[4] Reconoce y acepta que cometió el error de no emplazar a la totalidad de los herederos y en consecuencia incumplió con órdenes judiciales que culminaron en la desestimación del pleito.

Señaló, no obstante, que durante el desarrollo del caso en que representaba al señor Martínez Batista, confrontó ciertos problemas familiares que le requerían estar viajando constantemente a los Estados Unidos. Indicó además que, para esa fecha estaba mudando sus oficinas, lo

_____

[4]Una de las partes de dicho pleito.

que también fue un factor que influyó en que no se atendiese con la debida diligencia el caso del querellado. Sin embargo, la licenciada reconoció que ésas fueron situaciones personales que no debieron influir en su gestión como abogada y en el deber de diligencia que se le impone a todo abogado al asumir la representación profesional de un cliente. Además, afirmó que estaba "profundamente arrepentida por las incomodidades, disgustos y molestias que su conducta ocasionó al señor Martínez Batista". Finalmente, expuso que "la experiencia ha sido aleccionadora y ha servido de profunda reflexión", y que no volverá a repetirse.[5]

Concluido dicho caso y a tenor con la Regla 14(d) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A, le referimos al Procurador General copia del expediente de la queja de referencia para su correspondiente investigación e informe. En dicho informe el Procurador General recomendó que, en vista de que los daños ocasionados al querellante fueron debidamente resarcidos y que no existe interés público ulterior que amerite continuar con un proceso disciplinario, se archive la queja contra la licenciada Rodríguez Villalba. Ello, a pesar de que concluyó en su informe que la licenciada Rodríguez Villalba violó las disposiciones de los cánones 18 y 19 de nuestro Código de Ética Profesional.

---

[5] Contestación a queja de la licenciada Rodríguez Villalba, página 4.

Luego de contar con el beneficio de las comparecencias de las partes, resolvemos sin ulteriores procedimientos.

II

En innumerables ocasiones hemos resuelto que un abogado que acepta un caso y luego no demuestra la competencia y diligencia que exige el ejercicio de la abogacía, violenta las disposiciones del Código de Ética Profesional, *supra*. In re Verdejo Roque, 145 D.P.R. 83 (1998); In re Pérez Santiago, 131 D.P.R. 676 (1992); In re Acosta Grubb, 119 D.P.R. 595 (1987).

Con relación a esto, el Canon 12 del Código de Ética Profesional, *supra*, dispone, en lo pertinente, lo siguiente:

> Es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas. Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución.

Recientemente reiteramos que "[e]sta obligación ha de cumplirla el abogado a través de todas las etapas de un litigio, y comprende el acatar fielmente las órdenes del tribunal". In re Pagán Hernández, 141 D.P.R. 113, 118 (1996), citando a Heftler Const. Co. v. Tribunal Superior, 103 D.P.R. 844, 846 (1975), y a Acevedo v. Compañía Telefónica de P.R., 102 D.P.R. 787, 791 (1974).

Por su parte, el Canon 18 del Código de Ética Profesional, *supra*, recoge, en esencia, el deber de todo abogado de atender los intereses de su cliente desplegando la mayor diligencia y cuidado. Dicho canon, en lo pertinente, dispone así:

> Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.
>
> Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.

Hemos interpretado que, la incomparecencia de un abogado a los señalamientos de vista ante el tribunal, su incumplimiento con las órdenes emitidas por dicho tribunal, y su falta de diligencia en la tramitación del caso, constituyen un patrón de conducta irresponsable en violación a este canon. In re Grau Díaz, 2001 TSPR 70. Irrespectivamente de las razones y motivaciones que pueda tener un abogado para llevar o no un caso, una vez asume la representación de un cliente ante el tribunal, tiene la responsabilidad indelegable de llevar a cabo esa gestión profesional con el más alto grado de diligencia y competencia posible. In re Pagán Hernández, *supra*; In re Siverio Orta, 117 D.P.R. 14, 19 (1986); In re Padilla Pérez, 135 D.P.R. 770 (1994), entre otros.

De otra parte, el canon 19 del referido código dispone que el abogado debe mantener a su cliente informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado. Este deber ético profesional de mantener informado a su representado de las incidencias del caso, incluye la notificación de la desestimación de la acción instada. Véase, In re Padilla Pérez, *supra*.

En resumen, en In re Ortiz Velázquez, 145 D.P.R. 308 (1998), decretamos que los abogados que, en el ejercicio de sus funciones, actúan con desidia, despreocupación, inacción, displicencia, no mantienen al cliente informado del desarrollo del caso y permiten que la acción de éste sea desestimada por no desplegar toda su habilidad y capacidad en beneficio de su representado, incurren en una seria violación de la ética profesional, que podría conllevar la suspensión del ejercicio de la abogacía.

A la luz de la normativa antes expuesta resolvemos.

### III

En el caso de autos, es evidente que la licenciada Rodríguez Villalba desatendió negligentemente la encomienda de su cliente. El incumplimiento con las órdenes del tribunal, y la desidia desplegada en la tramitación de la acción encomendada acarrearon, en dos ocasiones distintas, la desestimación del pleito. Más aún, la referida abogada nunca notificó a su cliente de las sentencias adversas dictadas en su contra. Así quedó plenamente evidenciado en

la sentencia del Tribunal de Primera Instancia en el caso de impericia profesional contra dicha abogada.

No obstante, en vista de que la licenciada Rodríguez Villalba indemnizó al querellante por los daños sufridos a causa de su negligencia, tanto el querellante como el Procurador General nos solicitaron el archivo y sobreseimiento de la queja en su contra. No podemos avalar dicho requerimiento.

Recientemente establecimos que independientemente de que el querellado haya indemnizado a su cliente por los daños causados, ello no lo exime de la violación ética incurrida. Véase, In re Verdejo Roque, supra. La responsabilidad civil que surge del incumplimiento de las obligaciones de un abogado para con su cliente, es separada e independiente del proceso disciplinario por infracción al Código Profesional de Ética. Véase, In re Verdejo Roque, supra. Si bien es cierto que el resarcimiento al cliente como resultado de una acción por impericia profesional puede ser un atenuante, ello no precluye nuestra jurisdicción disciplinaria. Véase, In re Pagán Ayala, 117 D.P.R. 180 (1986); In re Verdejo Roque, supra; In re Laborde Freyre, res. el 12 de julio de 1999, 99 TSPR 124.

Por último, cabe señalar que en su escrito ante nos la licenciada Rodríguez Villalba señaló que desde que fue admitida al ejercicio de la abogacía nunca ha presentado problemas disciplinarios, ni se ha puesto en entredicho su

conducta profesional. (Énfasis nuestro). No obstante, del expediente personal de la licenciada Rodríguez Villalba claramente surge que, el 14 de marzo de 1985 fue suspendida por tres (3) meses del ejercicio de la notaría, precisamente por incumplir las órdenes de este Tribunal.

En el caso de autos, el resarcimiento de la licenciada Rodríguez Villalba a su cliente por los daños sufridos, no es motivo suficiente para librarla de nuestra sanción. Su conducta en el caso de autos es inexcusable y amerita una suspensión temporera del ejercicio de la abogacía.

Por las razones antes expuestas, y a la luz de los Cánones 12, 18 y 19 de Ética Profesional, *supra*, se suspende a la licenciada Rodríguez Villalba del ejercicio de la abogacía por un período de un (1) mes.

En atención a lo anterior, se ordena a la querellada de epígrafe notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Deberá además, certificar ante nos, dentro del término de treinta (30) días, su cumplimiento con estos deberes.

Se dictará la Sentencia correspondiente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:


Lourdes Rodríguez Villalba

                              AB-2002-137


SENTENCIA


San Juan, Puerto Rico, a 12 de diciembre de 2003.


        Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integral de la presente, se suspende a la licenciada Rodríguez Villalba del ejercicio de la abogacía por un período de un (1) mes.

        En atención a lo anterior, se ordena a la querellada de epígrafe notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión a los foros judiciales y administrativos del país. Deberá además, certificar ante nos, dentro del término de treinta (30) días, su cumplimiento con estos deberes.

        Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


                        Patricia Otón Olivieri
                    Secretaria del Tribunal Supremo