

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re<br><br><br>Nelson Ramos Hernández | 2011 TSPR 192<br><br>183 DPR ____ |

Número del Caso: CP-2009-11

Fecha: 7 de diciembre de 2011

Oficina del Procurador General:

      Lcda. Minnie H. Rodríguez López
      Procuradora General Auxiliar

Abogado de la Parte Peticionaria:

      Lcdo. José Manuel Ayala Cádiz

Materia: Conducta Profesional- La suspensión será efectiva el 14 de diciembre de 2011 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Nelson Ramos Hernández          CP-2009-11          Conducta
                                                    Profesional

PER CURIAM

San Juan, Puerto Rico, a 7 de diciembre de 2011.

En el presente caso nos corresponde atender una querella ética contra un abogado por razón de su incomparecencia a dos señalamientos ante el Tribunal de Primera Instancia, y el incumplimiento con presentar el informe de conferencia con antelación al juicio. Tales actuaciones conllevaron la desestimación con perjuicio de la causa de su representada. Por los fundamentos que exponemos a continuación, suspendemos inmediatamente al Lcdo. Nelson Ramos Hernández de la práctica de la profesión por un término de tres meses.

I

El licenciado Ramos Hernández fue admitido al ejercicio de la abogacía el 4 de enero de 1994 y de la notaría el 16 de septiembre de ese mismo año.

El 2 de julio de 2007 la Sra. Delfina Santiago Marrero presentó una queja contra el licenciado Ramos Hernández. Ésta fue juramentada el 5 de julio de 2007. En síntesis, la señora Santiago Marrero relató que contrató los servicios profesionales del abogado Ramos Hernández para que continuara su representación legal en un caso de daños y perjuicios. Adujo que durante el trámite de la causa de acción el letrado demostró falta de diligencia, interés y compromiso en el asunto encomendado. Además, sostuvo que el licenciado Ramos Hernández no la mantuvo informada sobre el trámite ante el Tribunal de Primera Instancia y, luego de múltiples gestiones, le informó cómo el tribunal percibía el caso y que renunciaría a su representación legal. La señora Santiago Marrero señaló que las omisiones del abogado Ramos Hernández conllevaron que el 20 de abril de 2007 el foro primario emitiera una sentencia desestimando con perjuicio su causa de acción.

El licenciado Ramos Hernández respondió la queja de forma oportuna. El letrado adujo que mantuvo comunicación constante con la señora Santiago Marrero al punto que gestionó buscarle empleo y atendió otros asuntos por los cuales no devengó honorarios. Con respecto a la causa de acción presentada, y ante las advertencias del caso que

hizo el Tribunal de Primera Instancia, conversó con su clienta sobre la situación y le advirtió de las consecuencias de continuar con un recurso frívolo. Según el licenciado Ramos Hernández, la señora Santiago Marrero aceptó que carecía de prueba para demostrar los supuestos daños por lo que no tenía interés en continuar con el caso. A su vez, relató que explicó personalmente el derecho vigente y el requerimiento de prueba que solicitaba el tribunal.

A base de lo expuesto por las partes, la Oficina de la Procuradora General emitió su Informe el 3 de octubre de 2007. Posteriormente, instruimos al Procurador General a presentar las querellas correspondientes. En resumen, en la querella se alega que el abogado incumplió con el Canon 12 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 12, al no comparecer a señalamientos del Tribunal de Primera Instancia sin excusar su incomparecencia. A su vez, se expone que la conducta desplegada apunta a una falta de diligencia por parte del letrado en la defensa de los intereses de su cliente, lo que constituye una violación al Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 18. De igual forma, en la querella se señala que el abogado Ramos Hernández violó el Canon 20 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 20, al no renunciar oportunamente al caso y presentar su renuncia luego de dictada la sentencia.

Mediante Resolución del 4 de marzo de 2010 designamos a la Hon. Eliadís Orsini Zayas, ex jueza del Tribunal de Primera Instancia, como Comisionada Especial para que recibiera la prueba necesaria y rindiera un informe con sus determinaciones de hechos y recomendaciones. Luego de celebradas las vistas en su fondo ante la Comisionada Especial ésta sometió su informe ante este Foro. En éste la Comisionada Especial concluyó que del expediente del trámite ante el Tribunal de Primera Instancia surge que el licenciado Ramos Hernández violó los Cánones 12, 18 y 20 del Código de Ética Profesional, *supra*. La Comisionada Especial destacó que el testimonio de la señora Santiago Marrero relacionado con sus imputaciones de que no tenía comunicación con el querellado y otros aspectos relacionados, es uno "fundamentalmente mendaz". De igual forma, la Comisionada Especial enfatizó que la conducta de la representada y su falta de diligencia dificultaban su representación profesional.

A pesar de lo anterior, la Comisionada Especial determinó que el expediente judicial refleja un desempeño negligente del abogado Ramos Hernández demostrativo de las violaciones imputadas. Sin embargo, la Comisionada Especial concluyó que existían atenuantes, por lo que recomendó que el licenciado Ramos Hernández fuera amonestado por la conducta desplegada. Los atenuantes a los que aludió la Comisionada Especial consisten en que el letrado era el tercer representante legal de la

querellante y la señora Santiago Marrero desplegó una conducta de falta de cooperación y diligencia en una causa de acción con muy poca o ninguna probabilidad de prevalecer.

Veamos en detalle los hechos en los que incurrió el letrado Ramos Hernández que conllevan ejercer nuestra facultad disciplinaria.

## II

Las gestas que dan lugar a la querella presentada tienen su origen cuando el 22 de mayo de 2006 el letrado Ramos Hernández compareció como el tercer representante legal de la señora Santiago Marrero en el caso de daños y perjuicios, Delfina Santiago Marrero v. María Rosado Ruiz, Caso Civil Núm. J DP2004-0333 que fue presentado el 29 de julio de 2004. El 15 de junio de 2006 el Tribunal de Primera Instancia aceptó la representación del abogado Ramos Hernández.

Al momento de asumir la representación legal, el caso estaba señalado para el 23 de mayo de 2006 a los fines de celebrar la Conferencia con Antelación a Juicio. El licenciado Ramos Hernández compareció en dicha fecha y solicitó tiempo adicional para examinar toda la documentación y alegaciones de la demanda, por lo que se re-señaló la Conferencia con Antelación a Juicio para el 16 de noviembre de 2006.

En la fecha pautada de 16 de noviembre de 2006 el licenciado Ramos Hernández compareció y presentó sus

excusas al foro primario en cuanto a las razones por las cuales no se presentó el Informe de Conferencia con Antelación a Juicio integrado. El Tribunal de Primera Instancia pautó la conferencia para el 20 de febrero de 2007.

Conforme se desprende de la minuta de los procedimientos, el 20 de febrero de 2007 el letrado Ramos Hernández no compareció ni se comunicó con el Tribunal de Primera Instancia. Así las cosas, el foro primario impuso al licenciado una sanción económica en la suma de cien ($100) dólares. De igual forma, el Tribunal de Primera Instancia advirtió que el incumplimiento de cualquier orden conllevaría la desestimación del pleito. Nuevamente, el Tribunal de Primera Instancia re-señaló la conferencia. La nueva fecha pautada lo fue el 19 de abril de 2007. El acta fue notificada al licenciado Ramos Hernández y a la señora Santiago Marrero.

Otra vez, el licenciado Ramos Hernández no compareció a la conferencia el 19 de abril de 2007. Tampoco presentó sus excusas. La parte demandada expresó que el abogado Ramos Hernández nunca se comunicó para rendir el correspondiente informe de conferencia con antelación al juicio y solicitó la desestimación del caso. El Tribunal de Primera Instancia declaró Con Lugar el petitorio. Como consecuencia, el foro primario emitió la sentencia del 20 de abril de 2007 en la que expuso el trámite que dio lugar a la desestimación. Específicamente indicó que existía una

falta de interés de la parte demandante en continuar con su reclamo. Con relación a ello, el foro primario aludió a las incomparecencias a los señalamientos, a la falta de cumplimiento al no presentar el correspondiente informe con antelación al juicio, al no pagar la sanción económica impuesta y a la falta de excusas por sus incomparecencias. Todas estas razones atribuidas al licenciado Ramos Hernández.

El abogado Ramos Hernández solicitó el 1ro de mayo de 2007 la reconsideración del dictamen y la renuncia de representación legal. El letrado expresó que orientó a la señora Santiago Marrero con relación al pleito, la jurisprudencia relacionada y la posible ausencia de daños vinculados directamente a las palabras de riñas. Además, manifestó que se habían producido discrepancias suficientes con su cliente que requerían su renuncia a la representación legal ostentada. El licenciado Ramos Hernández procedió al pago de la sanción económica impuesta y solicitó que se le concediera a la señora Santiago Marrero un tiempo razonable para contratar una nueva representación. Sin embargo, el letrado no expresó ni justificó las razones de sus incomparecencias y de su incumplimiento en la preparación del informe ordenado por el Tribunal de Primera Instancia. La desestimación con perjuicio advino final y firme.

III

El Canon 12 del Código de Ética Profesional, *supra,* dispone:

> Es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas. Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución. Sólo debe solicitar la suspensión de vista cuando existan razones poderosas y sea indispensable para la protección de los derechos sustanciales de su cliente. Íd.

De otra parte, el Canon 18 del Código de Ética Profesional, *supra*, dispone, en lo pertinente, que:

> Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.

> Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable. Íd.

La clase togada está obligada a ser puntual en el trámite de las controversias y en el despliegue de toda diligencia necesaria ante el tribunal independiente de la etapa en la que está el litigio. Véase, In re Daniel Muñoz Fernós, Miguel Morell Chardón, op. 6 de septiembre de 2011, 2011 T.S.P.R. 129; 182 D.P.R.___(2011); In re Rodríguez Villalba, 160 D.P.R. 774, 779 (2003); In re Grau Díaz, 154 D.P.R. 70, 75-76 (2001); In re Pagán Hernández, 141 D.P.R. 113, 118 (1996). Como parte de sus funciones, los abogados deben asegurarse que sus actuaciones fomenten "la justa, rápida y económica solución de las controversias". In re

Avilés Vega, 141 D.P.R. 627, 632 (1996). Resulta impropio y reprochable que un abogado asuma una representación profesional cuando está consciente de que no puede rendir una labor idónea o que no puede prepararse adecuadamente. In re Guadalupe, Colón, 155 D.P.R. 135, 153 (2001).

Si el abogado deja de comparecer sin justificación alguna ante los tribunales, dilatando así los procedimientos y la causa de acción, viola el Canon 12. In re Vilches López, 170 D.P.R. 793, 800 (2007); In re Soto Colón, 155 D.P.R. 623, 644 (2001). De igual forma, un patrón de: (1) falta de actuar de forma adecuada en el proceso judicial; (2) indiferencia a los requerimientos que ha hecho un tribunal; o (3) actuaciones negligentes que puedan conllevar, o en efecto resulten en la desestimación o archivo del caso, constituyen violaciones al Canon 18. In re Vilches López, supra, pág. 798; In re Rodríguez Villalba, supra, pág. 780. Por tanto, el representante de la clase togada que no comparece a los señalamientos de vista ante el tribunal de instancia, no cumple con las órdenes emitidas, y falta al diligenciar la tramitación del caso, viola los Cánones 12 y 18 del Código de Ética Profesional. Véanse: In re Rivera Ramos, 178 D.P.R. 651, 674 (2010); In re Grau Díaz, supra, págs. 77-78.

De otra parte, el Canon 20 del Código de Ética Profesional, supra, regula la renuncia de representación legal al disponer que:

> Cuando el abogado haya comparecido ante un tribunal en representación de un cliente no puede ni debe renunciar la representación profesional de su cliente sin obtener primero el permiso del tribunal y debe solicitarlo solamente cuando exista una razón justificada e imprevista para ello.

Antes de renunciar a la representación de su cliente el abogado debe tomar aquellas medidas razonables que eviten perjuicio a los derechos de su cliente tales como notificar de ello al cliente; aconsejarle debidamente sobre la necesidad de una nueva representación legal cuando ello sea necesario; concederle tiempo para conseguir una nueva representación legal; aconsejarle sobre la fecha límite de cualquier término de ley que pueda afectar su causa de acción o para la radicación de cualquier escrito que le pueda favorecer; y el cumplimiento de cualquier otra disposición legal del tribunal al respecto, incluyendo la notificación al tribunal de la última dirección conocida de su representado.

Al ser efectiva la renuncia del abogado debe hacerle entrega del expediente y de todo documento relacionado con el caso y reembolsar inmediatamente cualquier cantidad adelantada que le haya sido pagada en honorarios por servicios que no se han prestado.

Cuando un cliente es negligente y no coopera con su abogado en la tramitación de su caso, el abogado debe renunciar la representación legal ostentada. No renunciar impide al letrado representar adecuadamente a su cliente, constituye un error de juicio y una violación al Canon 20 del Código de Ética Profesional, *supra*. Véanse, In re Cruz Tollinche, 112 D.P.R. 699, 699-700 (1982); Fine Art. Wallpaper v. Wolff, 102 D.P.R. 451, 458-459 (1974). Claro está, la renuncia de la representación legal siempre está atada a obtener el permiso del tribunal y tomar aquellas medidas razonables para evitar el perjuicio de su representado.

IV

En el caso que nos ocupa, el querellado Ramos Hernández violentó los Cánones 12, 18 y 20 del Código de Ética Profesional, *supra*. Un examen del expediente judicial del

caso de daños y perjuicios ante el Tribunal de Primera Instancia demuestra que desde que el licenciado Ramos Hernández asumió y fue aceptada su representación legal incumplió con su deber de diligencia, lo que repercutió en dilaciones al trámite ante el foro primario y en su eventual desestimación con perjuicio.

Desde que el licenciado Ramos Hernández compareció el 23 de mayo de 2006 conocía de la necesidad de presentar el informe de conferencia con antelación a juicio y que los procedimientos estaban pautados para celebrar la conferencia relacionada. Sin embargo, el 16 de noviembre de 2006 el abogado presentó sus excusas, por lo que se re-señalaron los procedimientos para el 20 de febrero de 2007. No obstante, el abogado Ramos Hernández no compareció ni se excusó y tampoco presentó el correspondiente informe. Tales actuaciones conllevaron sanciones económicas y la suspensión de los procedimientos que fueron señalados para el 19 de abril de 2007. Nuevamente, el letrado no se presentó a los procedimientos ni excusó su incomparecencia. A esta fecha, no había presentado el informe de conferencia con antelación al juicio y tampoco había pagado la sanción económica impuesta por el Tribunal de Primera Instancia. Su actitud conllevó la desestimación con perjuicio de la causa de acción de su representada. Luego de ello, el querellado presentó su renuncia ante el foro primario.

Durante el proceso disciplinario el licenciado Ramos Hernández no justificó sus incomparecencias ante el foro primario y mucho menos el incumplimiento al no rendir el

informe ordenado. En ningún momento, el licenciado Ramos Hernández informó al Tribunal de Primera Instancia sus alegaciones de que su representada no tenía interés en proseguir con su caso. Sus argumentos durante el trámite de la querella se limitaron a establecer la falta de cooperación de su representada y la poca probabilidad de los méritos de la causa de acción.

Las actuaciones y omisiones antes relatadas reflejan indiscutiblemente que el licenciado Ramos Hernández violó los Cánones 12, 18 y 20 del Código de Ética Profesional, *supra*, al no actuar diligentemente, retrasar los procedimientos, incumplir con las órdenes del tribunal y no comparecer a los señalamientos, lo cual culminó en la desestimación con perjuicio de la demanda presentada por la señora Santiago Marrero. Todas estas situaciones son atribuidas exclusivamente al abogado y no a su representada. Tampoco responden a los méritos de la causa de acción.

V

Una vez determinado que el querellado incurrió en conducta prohibida por el Código de Ética Profesional nos corresponde imponer la sanción adecuada. Para ello, recordamos que este Tribunal no está obligado a aceptar la recomendación del informe de la Comisionada Especial, ya que podemos adoptar, modificar o rechazar el mismo, aunque de ordinario sostenemos sus conclusiones de hecho salvo que se demuestre prejuicio, parcialidad o error manifiesto. In re Gordon Menéndez I, 171 D.P.R. 210, 217 (2007). Al momento de estimar la sanción disciplinaria a un abogado por conducta

impropia debemos considerar el historial previo del abogado; si goza de buena reputación; la aceptación de la falta y su sincero arrepentimiento; si la falta fue realizada con ánimo de lucro; y cualquier otro factor pertinente a los hechos. In re Amill Acosta, op. 24 de mayo de 2011, 2011 T.S.P.R. 87, 181 D.P.R.____ (2011); In re Rodríguez Lugo, 175 D.P.R. 1023 (2009).

Del expediente del licenciado Ramos Hernández surge que ésta es la primera querella presentada en su contra. Únicamente surge que el Colegio de Abogados informó en el año 2006 que el letrado tenía al descubierto el pago de la fianza notarial. Sin embargo, posteriormente el Colegio de Abogados informó que el licenciado Ramos Hernández pagó la misma. Cónsono con ello, este Tribunal archivó el asunto y apercibió al letrado de que en el futuro debía cumplir estrictamente con la ley y que su incumplimiento podría dar lugar a medidas disciplinarias. Asimismo, el abogado goza de una buena reputación. Aunque ciertamente el togado no fue el primer representante legal de la señora Santiago Marrero y ésta dificultó su representación legal no podemos abstraernos que los hechos que dan lugar a las violaciones éticas son atribuidos exclusivamente a las actuaciones del letrado. El abogado no presentó justificación a sus incomparecencias ante el foro primario, a no pagar la sanción económica impuesta dentro del término ordenado y a no presentar el informe de conferencia con antelación a juicio.

En vista de lo anterior, ordenamos la suspensión inmediata del licenciado Nelson Ramos Hernández de la

práctica de la profesión por un término de tres meses. El querellado tiene el deber de notificar a todos sus clientes su inhabilidad para continuar con su representación y deberá devolver a éstos los expedientes de los casos pendientes así como los honorarios recibidos por trabajos no rendidos. Además, tiene el deber de informar oportunamente su suspensión a los foros judiciales y administrativos pertinentes. Estas gestiones deberán certificarse a este Tribunal dentro del término de treinta días a partir de la notificación de esta decisión. Además, se ordena al Alguacil General de este Tribunal que se incaute la obra notarial del licenciado Ramos Hernández.

Notifíquese personalmente esta Opinión *Per Curiam* al Lcdo. Nelson Ramos Hernández por la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Nelson Ramos Hernández      CP-2009-11      Conducta
                                                            Profesional

SENTENCIA

San Juan, Puerto Rico, a 7 de diciembre de 2011.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente Sentencia, se ordena la suspensión inmediata del licenciado Nelson Ramos Hernández de la práctica de la profesión por un término de tres meses. El querellado tiene el deber de notificar a todos sus clientes su inhabilidad para continuar con su representación y deberá devolver a éstos los expedientes de los casos pendientes así como los honorarios recibidos por trabajos no rendidos. Además, tiene el deber de informar oportunamente su suspensión a los foros judiciales y administrativos pertinentes. Estas gestiones deberán certificarse a este Tribunal dentro del término de treinta días a partir de la notificación de esta decisión. Además, se ordena al Alguacil General de este Tribunal que se incaute la obra notarial del licenciado Ramos Hernández.

Notifíquese personalmente esta Opinión *Per Curiam* al Lcdo. Nelson Ramos Hernández por la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal. La Jueza Asociada señora Pabón Charneco amonestaría enérgicamente al abogado

Nelson Ramos Hernández por haber violado las disposiciones que rigen nuestra profesión y le apercibiría de que cualquier inobservancia futura estará sujeta a medidas disciplinarias más severas. La Jueza Asociada señora Fiol Matta se une a las expresiones de la Jueza Asociada señora Pabón Charneco. La Juez Asociada señora Rodríguez Rodríguez no intervino.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo