*In re* SHEILA ACEVEDO ÁLVAREZ, querellada.

*Número:* AB-96-115          *Resuelto:* 30 de mayo de 1997

*Pedro Delgado Hernández, Procurador General, Carlos Lugo*

*Fiol, Subprocurador General*, e *Yvonne Cassanova Pelosi, Procuradora General Auxiliar*, parte querellante.

PER CURIAM:

I

La Lcda. Sheila Acevedo Álvarez fue contratada por el Sr. Serafín Vélez González en septiembre de 1993 con el propósito de presentar una reclamación judicial contra la compañía RGIS Inventory Specialist (en adelante RGIS), para la cual éste trabajó durante dieciocho (18) años hasta su despido en agosto de 1992. A esos fines, acordaron que la abogada reclamaría diez mil dólares ($10,000) en concepto de gastos, costas y honorarios, y que sus honorarios serían el veinte por ciento (20%) del total que, en su día, adjudicase el tribunal.

La licenciada Acevedo presentó una demanda contra RGIS al amparo de la Ley Núm. 80 de 30 de marzo de 1976, según enmendada, 29 L.P.R.A. secs. 185a–185m, en la que reclamó una compensación por veinticinco mil dólares ($25,000) más diez mil dólares ($10,000) en concepto de gastos, costas y honorarios de abogado.

Transcurridos varios trámites procesales ante el Tribunal de Primera Instancia, el 13 de octubre de 1995 RGIS presentó una Solicitud de Sentencia Sumaria en la que alegó que no procedía la reclamación de la mesada por tratarse de un despido justificado, ante la pobre labor realizada por el demandante. Sobre este aspecto, RGIS alegó que no existía controversia. El 17 de octubre de 1995, el tribunal le concedió un término de treinta (30) días a la parte demandante para replicar la referida solicitud. Durante una vista celebrada el 5 de marzo de 1996, la licenciada Acevedo le informó al tribunal que no había recibido el escrito de sentencia sumaria, solicitó que se le notificara a su nueva dirección y solicitó un término adicional de

treinta (30) días para replicar el escrito. El tribunal concedió el término solicitado, sin embargo, la réplica no fue presentada. El 29 de mayo de 1996, el tribunal concedió un término adicional que venció el 30 de junio de 1996, pero la réplica nunca se presentó.

El 4 de septiembre de 1996, el tribunal dictó sentencia mediante la cual ordenó el archivo de la demanda del señor Vélez al concluir que de los documentos en autos surgía que no existía controversia sobre el hecho de que el despido de éste estuvo justificado por su ejecutoria deficiente en el trabajo. Concluyó el tribunal que no procedía la reclamación de la mesada bajo la Ley Núm. 80, *supra*. Específicamente, el tribunal determinó que "[d]esde 1987 el señor Vélez estaba confrontando problemas de administración con la Oficina de Distrito de Mayagüez. Durante este período hasta ser despedido recibió una serie de amonestaciones de varios de sus superiores" y que "[l]a prueba presentada y no controvertida señalan la negligencia del demandante en el desempeño de su trabajo".

El 18 de octubre de 1996 se presentó una Moción sobre Relevo de Sentencia que fue suscrita por la licenciada Acevedo. En síntesis, se alegó en dicha moción que la orden del tribunal, que concedía un término adicional para presentar la réplica de la solicitud de sentencia sumaria, fue recibida el 21 de agosto de 1996. Se solicitó el relevo de la sentencia al amparo de la Regla 49.2(1) y (6) de Procedimiento Civil, 32 L.P.R.A. Ap. III. En la referida moción se argumentó que el demandante fue privado de su día en corte y que el incumplimiento con la orden del tribunal se debió a la notificación tardía de ésta. El tribunal declaró no ha lugar la Moción de Relevo de Sentencia mediante Resolución de 6 de diciembre de 1996.

Mientras estaba ante la consideración del tribunal la moción de relevo, el demandante, Sr. Serafín Vélez, presentó en la Secretaría del Tribunal Supremo una queja

contra la licenciada Acevedo. En síntesis, el señor Vélez alegó que la abogada había sido negligente al no presentar un escrito en oposición a la Solicitud de Sentencia Sumaria y las pruebas y los documentos que tenía a su disposición que controvertían las alegaciones de la parte demandada. En apoyo a esto, el señor Vélez incluyó una copia de evaluaciones y comunicaciones de 1983 a 1991, en las que funcionarios de RGIS reconocen positivamente su labor para la empresa. El señor Vélez alegó, además, que la licenciada Acevedo rehusaba comunicarse con él y no le informó de la sentencia dictada en su contra.

La licenciada Acevedo respondió a la queja, alegando que había representado fiel y cabalmente al señor Vélez y que cualquier tardanza se debió a la naturaleza del caso, descrito como complejo. La abogada admitió que no presentó la réplica u oposición a la Solicitud de Sentencia Sumaria, señalando como justificación la falta de notificación del escrito y de las órdenes del tribunal. Estas alegaciones fueron presentadas también por la abogada, durante el trámite del caso contra RGIS y en su moción de relevo de sentencia.

Conforme a lo dispuesto en la Regla 14(d) del Reglamento del Tribunal Supremo de Puerto Rico, 4 L.P.R.A. Ap. XXI-A, el expediente de la licenciada Acevedo Álvarez fue remitido a la Oficina del Procurador General para el informe correspondiente y la recomendación que estimara pertinente. En dicho informe, presentado ante nuestra consideración el 19 de febrero de 1997, se recomendó el ejercicio de nuestra jurisdicción disciplinaria por haber incurrido, la licenciada Acevedo, en conducta violatoria de los Cánones 12, 18 y 19 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.

El 2 de febrero de 1997 le concedimos un término a la licenciada Acevedo para que compareciera ante nos y expusiera su posición. Posteriormente, el término le fue prorrogado.

En su comparecencia, presentada el 13 de mayo de 1997, la licenciada Acevedo acepta los hechos imputados, pero los interpreta de forma distinta a la interpretación del Procurador General. En síntesis, la abogada aduce que su conducta debe ser enmarcada dentro del contexto de la negligencia excusable, ya que no hubo de su parte una violación voluntaria de los Cánones de Ética Profesional.

Con el beneficio de ambos escritos, sin necesidad de trámite ulterior, resolvemos.

## II

El Canon 12 del Código de Ética Profesional, *supra*, dispone, en lo pertinente, lo siguiente:

> Es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas. Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución.

Recientemente reiteramos que "[e]sta obligación ha de cumplirla el abogado a través de todas las etapas de un litigio, y comprende el acatar fielmente las órdenes del tribunal". *In re Pagán Hernández*, 141 D.P.R. 113, 118 (1996), citando a *Heftler Const. Co. v. Tribunal Superior*, 103 D.P.R. 844, 846 (1975), y a *Acevedo v. Compañía Telefónica de P.R.*, 102 D.P.R. 787, 791 (1974).

En lo pertinente, el Canon 18 del Código de Ética Profesional, *supra*, señala que:

> Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.

Hemos interpretado que, "irrespectivamente de las razones y motivaciones que pueda tener un abogado para llevar o no un caso, una vez asume la representación

de un cliente y ante el tribunal, tiene la responsabilidad indelegable de llevar a cabo esa gestión profesional con el más alto grado de diligencia y competencia posible". *In re Pagán Hernández*, supra; *In re Siverio Orta*, 117 D.PR. 14, 19 (1986); *In re Padilla Pérez*, 135 D.P.R. 770 (1994), entre otros.

De otra parte y en lo pertinente, el Canon 19 del Código de Ética Profesional, *supra*, dispone que "[e]l abogado debe mantener a su cliente siempre informado de todo asunto que surja en el desarrollo del caso que le ha sido encomendado". En nuestra interpretación de este canon hemos explicado que un abogado o una abogada "debe mantener informado a su cliente de las gestiones realizadas y del desarrollo de los asuntos a su cargo, consultándole cualquier duda sobre asuntos que no caigan en el ámbito discrecional, y dentro de los medios permisibles, cumplir con sus instrucciones". *In re Acosta Grubb*, 119 D.P.R. 595, 603 (1987). En *In re Pérez Santiago*, 131 D.P.R. 676 (1992). Explicamos que este deber ético profesional de mantener informado a su representado de las incidencias del caso, incluye la notificación de la desestimación de la acción instada. Véase, también, *In re Padilla Pérez*, supra.

En este caso surge claramente del expediente que el Tribunal de Primera Instancia le concedió un término a la licenciada Acevedo en tres (3) ocasiones para que presentara un escrito en oposición a la Solicitud de Sentencia Sumaria. Nunca la presentó. A pesar de que la licenciada Acevedo aduce que no recibió la primera orden de dicho tribunal ni la Solicitud de Sentencia Sumaria por haber mudado sus oficinas, ciertamente ésta advino en conocimiento de ambas, durante la vista de 5 de marzo de 1996, en la cual solicitó la concesión de un término adicional de treinta (30) días para presentar su réplica. La abogada admite que recibió el escrito el 5 de marzo, pero alega que no presentó su réplica por estar gestionando documentos. Esto no justifica su incumplimiento con la orden del tribu-

nal ni el hecho de que no presentó una solicitud de prórroga adicional al foro de instancia. Ante este craso incumplimiento, no es necesario discutir el incumplimiento posterior con la Orden de 29 de mayo de 1996. A esta fecha, ya habían transcurrido más de cinco (5) meses desde que la abogada recibió la copia de la Solicitud de Sentencia Sumaria, sin presentar escrito alguno ante el tribunal.

Observamos que el único escrito presentado por la licenciada Acevedo fue la Moción de Relevo de Sentencia de 18 de octubre de 1996, en la cual tampoco se alude a los méritos de la Solicitud de Sentencia Sumaria.

Según señalamos anteriormente, la licenciada Acevedo admite los hechos constitutivos de la violación a los Cánones 12 y 18 del Código de Ética Profesional, *supra*. Con respecto al citado Canon 19, la abogada alega que la información no ofrecida a su cliente podía discrecionalmente reservarse. No tiene razón. En este caso, la abogada tenía el deber de informarle a su cliente de las posibles consecuencias de no oponerse a la Solicitud de Sentencia Sumaria y, posteriormente, de la sentencia que recayó en su contra. La licenciada Acevedo no rebatió la alegación de su cliente, a los efectos de que no le informó de la sentencia ni del archivo de su reclamación.

Considerando lo antes expuesto, concluimos que la actuación de la Lcda. Sheila Acevedo en este caso constituye una violación a los Cánones 12, 18 y 19 del Código de Ética Profesional, *supra*.

Ante ello, *se dictará sentencia para suspender a la abogada-notario Sheila Acevedo Álvarez del ejercicio de la abogacía por tres (3) meses. Se ordenará también la incautación inmediata de los Protocolos de la Lcda. Sheila Acevedo Álvarez.*

El Juez Asociado Señor Rebollo López no interviene.