EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>María del R. Pujol Thompson | 2007 TSPR 129<br><br>171 DPR _____ |

Número del Caso: CP-2005-12

Fecha: 19 de junio de 2007

Oficina del Procurador General:

                  Lcda. Minnie H. Rodríguez López
                  Procuradora General Auxiliar

Abogados de la Parte Querellada:

                  Por Derecho Propio

Materia: Conducta Profesional
       (La suspensión será efectiva el 21 de junio de 2007 fecha en que se le notificó al abogado de su suspensión inmediata.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re,

María del R. Pujol Thompson

CP-2005-12

PER CURIAM

San Juan, Puerto Rico, a 19 de junio 2007

## I

La licenciada María del R. Pujol Thompson fue admitida al ejercicio de la profesión legal el 26 de enero de 1999, y al ejercicio de la notaría el 2 de junio de 1999.

El 8 de diciembre de 2003, el señor Oscar Morales Ramírez presentó una queja ante este Tribunal contra la licenciada Pujol Thompson. En la misma expresó que la había contratado para que lo representara en un pleito judicial (Oscar Morales Ramírez v. Cond. Cristal House, Civil Núm. KDP 2000-0380) el cual fue desestimado por inactividad por el Tribunal de Primera Instancia. Señaló además que la

licenciada Pujol Thompson no le contestaba sus llamadas telefónicas y no lo había mantenido al tanto del trámite en el tribunal.

Referimos el asunto a la atención del Procurador General. Éste, luego de la investigación de rigor, nos rindió su informe el 4 de abril de 2004. En el mismo, nos informó que en efecto el caso antes mencionado había sido desestimado con perjuicio ante los reiterados incumplimientos de la licenciada Pujol Thompson. La licenciada Pujol aceptó lo sucedido pero negó que no se comunicara con su cliente. Indicó que ella le había notificado al señor Morales Ramírez de la sentencia emitida en dicho caso así como también de la moción de reconsideración que había presentado en el mismo. Indicó que orientó al señor Morales sobre lo ocurrido pero que éste nunca la autorizó para presentar el correspondiente recurso de revisión ante el foro apelativo intermedio.

En el informe presentando, el Procurador General apuntó que la conducta de la licenciada Pujol Thompson muy bien pudo ser violatoria del Canon 18 de los Cánones de Ética Profesional. 4 L.P.R.A. Ap. IX C. 18. Específicamente indicó lo siguiente:

> En el presente caso la demandada que tramitaba la licenciada Pujol a nombre del señor Morales fue desestimada por la falta de diligencia de la letrada acorde con la Sentencia emitida . . . Del expediente del tribunal también surgen situaciones de clara falta de diligencia de la letrada. . . [D]e la propia Sentencia se desprende que la querellada incurrió en múltiples incumplimientos con las órdenes del tribunal de primera instancia y que a pesar de la advertencia de las consecuencias de su incumplimiento no realizó trámite alguno.

Luego de que se le concediera un término para expresarse, la licenciada Pujol Thompson compareció ante este Tribunal. En su escrito aceptó su falta de diligencia y expresó su profundo arrepentimiento por lo ocurrido. Nos solicitó, sin embargo, el archivo de la queja. Los fundamentos para tal petición fueron varios, a saber: que aceptó su conducta, que está profundamente arrepentida, que ha ofrecido en más de una ocasión resarcir económicamente al quejoso por los daños que hubiese podido sufrir, que nunca antes había sido objeto de procedimiento disciplinario alguno por lo que lo acontecido en este caso fue un incidente aislado, que ella no ha recibido remuneración económica alguna por la tramitación del caso que dio origen a la queja presentada, y que la conducta imputada no implica depravación moral, fraude, ilegalidad, falsificación, apropiación indebida.

El 6 de mayo de 2005, le ordenamos al Procurador General presentar la correspondiente querella; así lo hizo el 9 de junio de 2005. En la misma se imputaron los siguientes dos cargos:

Primer Cargo

> La Licenciada María del R. Pujol Thompson violentó los principios enunciados en el Canon 18 de los de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 18, al no ejercer el cuidado y diligencia necesarios en la protección de los derechos e intereses de su cliente, permitiendo con ello el que fuera desestimada la causa de acción incoada ante el tribunal y que la misma no fuera apelada.

Segundo Cargo

Segundo Cargo

La licenciada María del R. Pujol Thompson violentó los principios enunciados en el Canon 19 de los de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 19, al no mantener informado a su cliente de la situación del caso que llevaba a su nombre; y al no orientarlo adecuadamente de las posibles consecuencias de las decisiones a ser tomadas sobre el caso; y no cerciorarse de que entendió la orientación ofrecida.

La licenciada Pujol contestó la querella presentada por el Procurador General y planteó sustancialmente lo mismo que había argüido en su réplica al informe del Procurador. Así las cosas, el 25 de enero de 2006 nombramos al ex juez del Tribunal de Apelaciones, licenciado Heriberto Sepúlveda, como Comisionado Especial para que recibiera la prueba correspondiente en este caso y nos rindiera un informe con sus determinaciones de hechos y las recomendaciones que estimara procedente.

La vista en su fondo se celebró el 5 de junio de 2006. A la misma compareció el Procurador General y la querellada por derecho propio. Luego que la parte querellada sometiera dos comunicaciones dirigidas al quejoso ofreciéndole la cantidad de $8,000.00 para resarcirle por los daños sufridos, las partes sometieron el caso por el expediente.

El 9 de enero de 2007 el Comisionado Especial rindió su informe. En el mismo nos señaló lo previamente indicado, concluyendo que en efecto se había incurrido en violación a los Cánones 18 y 19 de los Cánones de Ética Profesional. En su escrito, el Comisionado hace el siguiente señalamiento: "considerando que la licenciada Pujol Thompson admitió los hechos imputados, que expresó su más sincero arrepentimiento

por su conducta, que manifestó su disposición de resarcir al perjudicado y que se trata de su primera falta a los Cánones de Ética Profesional, recomendamos muy respetuosamente como medida disciplinaria AMONESTAR a la querellada por su proceder en el caso del señor Morales Ramírez."

El caso quedó sometido ante nuestra consideración el pasado 29 de marzo de 2007. Sometido el caso, el querellante nos remitió copia de una carta que le refiriera a la querellada fechada 28 de mayo de 2007, donde le indicaba a la licenciada Pujol Thompson que, a esa fecha, no había recibido la suma de dinero que ésta se comprometió entregarle para resarcirle por los daños sufridos. Así las cosas, pasemos entonces a atender la querella ante nuestra consideración.

## II

### A

Los abogados, como oficiales del Tribunal, tienen una función revestida de alto interés público que genera obligaciones y responsabilidades para con sus clientes así como con el tribunal en la administración de la Justicia. *In re Meléndez La Fontaine*, 9 de febrero de 2006, 166 D.P.R. ___, 2006 T.S.P.R. 22. La abogacía cumple, desde siempre, una función social de notable importancia por su aportación a la realización de la Justicia. Los Cánones de Ética Profesional tienen como objetivo propiciar que los abogados se desempeñen, profesional y personalmente, acorde con los más altos principios de conducta decorosa, para beneficio de la profesión, de la ciudadanía y de las instituciones de

justicia del país. *In re Izquierdo Stella*, 154 D.P.R. 732 (2001).

En innumerables ocasiones hemos expresado que el Canon 18 de los Cánones de Ética Profesional, 4 L.P.R.A. Ap. IX, le impone a todo abogado el deber de desempeñarse de forma capaz y diligente al defender los intereses de su cliente, desplegando en cada caso su más profundo saber y habilidad, y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable. *In re Hoffman Mouriño,* res. 7 de mayo de 2007, 170 D.P.R. ___, 2007 T.S.P.R. ___. Este deber se infringe cuando se asume una representación legal consciente de que no puede rendir una labor idónea competente o que no puede prepararse adecuadamente para el caso sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia. *In re Meléndez Figueroa*, res. 15 de noviembre de 2005, 166 D.P.R. ___, 2005 T.S.P.R. 177; *In re Marini Román*, res. 6 de octubre de 2005, 165 D.P.R. ___, 2005 T.S.P.R. 148; *In re Collazo Maldonado*, res. 3 de abril de 2003, 159 D.P.R. ___, 2003 TSPR 76.

Todo miembro de la profesión legal tiene el ineludible deber de defender los intereses de su cliente con el compromiso de emplear la mayor capacidad, lealtad, responsabilidad, efectividad y la más completa honradez. *In re Meléndez La Fontaine, supra*; *In re Meléndez Figueroa, supra*; *In re Martínez Miranda*, res. 18 de septiembre de 2003, 160 D.P.R. ___, 2003 T.S.P.R. 149; *In re Alonso*

*Santiago*, res. 13 de septiembre de 2005, 165 D.P.R. ____, 2005 T.S.P.R. 137; *In re Grau Díaz*, 154 D.P.R. 71 (2001). Así también hemos sostenido sin ambages, que aquella actuación negligente que pueda conllevar o en efecto conlleve, la desestimación o archivo de un caso, se configura violatoria del Canon 18. *In re Hoffman Mouriño, supra*; *In re Guadalupe Díaz*, 155 D.P.R. 135, 154-155 (2001). Y así debe ser pues el deber de diligencia profesional del abogado es del todo incompatible con la desidia, despreocupación y displicencia. *In re Padilla Pérez*, 135 D.P.R. 770, 776 (1994).

**B**

De otra parte, el Canon 19 de los de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 19 le impone a todo abogado el deber inexcusable de mantener informado a su cliente de todo asunto importante que surja en el trámite de su caso. Dicha obligación constituye un elemento imprescindible en al relación fiduciaria que caracteriza el vínculo abogado-cliente. *In re García Muñoz*, res. 3 de abril de 2007, 170 D.P.R. ___, 2007 T.S.P.R. ___; *In re Criado Vázquez*, 155 D.P.R. 436, 456 (2001), *In re Flores Ayffán*, 150 D.P.R. 907 (2000). Hemos sostenido que dictada una sentencia en un caso que pone fin parcial o totalmente a la causa de acción, es obligación del abogado informar a su cliente sobre lo acaecido. *In re García Muñoz, supra*; *Colón Prieto v. Géigel*, 115 D.P.R. 232 (1984); *In re Cardona Vázquez*, 108 D.P.R. 6 (1978).

Como vemos, además de ser diligente en la tramitación de una causa, el abogado debe mantener informado a su representado de todas las incidencias importantes del caso. El Canon 19 establece este deber de los abogados existe al margen del deber de diligencia, por lo que se configura como una obligación ética independiente. Véase, *In re Hernández Pérez*, 25 de septiembre de 2006, 169 D.P.R. ___, 2006 T.S.P.R. 174.

Esta obligación comprende mantener informado al cliente de las gestiones realizadas y del desarrollo de éstas, consultar las cuestiones que no estén dentro ámbito discrecional de la representación legal, y cumplir con las instrucciones de los representados. *In re Acosta Grubb*, 119 D.P.R. 595 (1987). Es por ello que hemos dispuesto que se viola el Canon 19 cuando no se atienden los reclamos de información del cliente, no se le informa del resultado adverso de la gestión encargada, la acción se desestima o se archiva, no se mantiene al cliente al tanto del estado o la situación procesal del caso, o simplemente se niega al cliente información del caso. *Véase In re Vélez Valentín*, 124 D.P.R. 403 (1989); *Colón Prieto v. Géigel*, 115 D.P.R. 755 (1984); *In re Acevedo Álvarez,* 143 D.P.R. 293 (1995).

Pasemos entonces a aplicar la normativa antes reseñada a los hechos en este caso.

### III

Examinada la conducta de la licenciada Pujol Thompson a la luz de las normas antes enunciadas y de los documentos

que obran en autos, no hay duda que su conducta en la tramitación de la reclamación del señor Oscar Morales Ramírez ante el Tribunal de Primera Instancia distó mucho de ser la conducta idónea y ajustada a los estándares previamente discutidos. Por su desatención al trámite judicial, el caso fue desestimado con perjuicio. Posteriormente, no le explicó a su cliente a cabalidad cuáles eran las repercusiones de no acudir en revisión de dicha determinación. Ésta no tuvo tampoco la previsión de advertirle por escrito a su representado la necesidad de acudir en alzada de la desestimación del pleito. Por lo que no hay constancia en el récord de qué le dijo en efecto a su cliente sobre el trámite a seguir.

Al analizar los hechos antes mencionados concluimos que en efecto, licenciada Pujol Thompson violó los Cánones 18 y 19 de Ética Profesional. Hay que indicar también que así lo aceptó ésta desde las primeras etapas del trámite de la queja. No obstante, aún cuando expresó su interés de resarcirle al querellante por los daños sufridos, no lo había hecho transcurrido poco menos de año desde celebrada la vista ante el Comisionado Especial.

Al determinar la sanción disciplinaria que habrá de imponerse a un abogado que haya incurrido en conducta reñida con los postulados éticos que guían el desempeño en la profesión legal, podemos tomar en cuenta los siguientes factores: (i) la buena reputación del abogado en la comunidad; (ii) el historial previo de éste; (iii) si ésta

constituye su primera falta y si ninguna parte ha resultado perjudicada; (iv) la aceptación de la falta y su sincero arrepentimiento; (v) si se trata de una conducta aislada; (vi) el ánimo de lucro que medió en su actuación; (vii) resarcimiento al cliente; y (vii) cualesquiera otras consideraciones, ya bien atenuantes o agravantes, que medien a tenor con los hechos. Véase, *In re Quiñones Ayala*, res. 30 de junio de 2005, 164 D.P.R. ___, 2005 T.S.P.R. 99; *In re Montalvo Guzmán*, res. 20 de mayo de 2005, 164 D.P.R. ___, 2005 T.S.P.R. 82; *In re Vélez Barlucea*, 152 D.P.R. 298, 310-11 (2000); *In re Padilla Rodríguez*, 145 D.P.R. 536 (1998). Estos criterios nos sirven de guía al determinar la sanción que procede imponer.

Como indicamos, desde el comienzo de este procedimiento la licenciada Pujol Thompson aceptó la responsabilidad por lo ocurrido y expresó siempre su profundo pesar y arrepentimiento por lo ocurrido. La querella del señor Morales Ramírez es la primera ocasión en que la licenciada Pujol Thompson ha enfrentado un procedimiento de esta naturaleza. Su expediente ante este Tribunal no refleja ninguna otra instancia que haya ameritado nuestra intervención con su desempeño profesional. Cabe señalar que la querellada goza de buena reputación por espacio de varios años desde que fue admitida al ejercicio de la abogacía. De otra parte, ésta nos informó que no cobró ningún honorario al querellado por la gestión profesional que llevó a cabo, así como que le ha ofrecido al mismo en más de una ocasión, el

pago de una suma de dinero para resarcirlo por los daños sufridos.

No obstante lo anterior, no hay duda que la licenciada Pujol Thompson violó los Cánones 18 y 19. Sus incumplimientos reiterados en la tramitación de la causa de su cliente tuvo como resultado la desestimación del pleito con perjuicio, en detrimento de los intereses de su cliente. Además, aun cuando ésta le expresó al Comisionado Especial en la vista de este caso su interés en resarcir al querellante, casi un año más tarde no lo ha hecho.

En atención a lo anterior y atendiendo todas las circunstancias de este caso, procede que se suspenda inmediatamente a la licenciada María del R. Pujol Thompson del ejercicio de la profesión legal por el término de tres meses. Término éste que comenzará a transcurrir a partir de la notificación personal de esta Opinión y Sentencia. La licenciada Pujol deberá además, resarcir al querellante por los daños sufridos como consecuencia de la desestimación del pleito instado a nombre de éste, conforme ella misma se comprometió.

Le imponemos a la licenciada Pujol el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Deberá además, certificarnos dentro del término de

treinta (30) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General.

El Alguacil de este Tribunal procederá de inmediato a incautarse de la obra notarial y sello notarial de María del R. Pujol Thompson, debiendo entregar las mismas a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re,

                                    CP-2005-12
María del R. Pujol Thompson


SENTENCIA

San Juan, Puerto Rico, a 19 de junio 2007

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, los cuales se incorporan íntegramente a la presente, se suspende inmediatamente a la Lcda. María del R. Pujol Thompson del ejercicio de la profesión legal por un período de tres (3) meses; este término comenzará a contarse a partir de la notificación personal de la presente Opinión Per Curiam y Sentencia. La licenciada Pujol deberá además, resarcir al querellante por los daños sufridos como consecuencia de la desestimación del pleito instado a nombre de éste, conforme ella misma se comprometió.

Le imponemos a ésta el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Deberá además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General.

El Alguacil de este Tribunal procederá de inmediato a incautarse de la obra notarial y sello notarial de María del R. Pujol Thompson, debiendo entregar las mismas a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se ordena a su vez que esta Opinión Per Curiam y Sentencia sea notificada personalmente a la licenciada Pujol Thompson por la Oficina del Alguacil de este Tribunal

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.  El Juez Asociado señor Rivera Pérez no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo