

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re<br><br>Norman Pietri Castellón | 2012 TSPR 107<br><br>185 DPR ____ |

Número del Caso: CP-2011-03

Fecha: 20 de junio de 2012

Abogado de la Parte Peticionaria:

      Lcda. Genoveva Valentín Soto

Oficina del Procurador General:

      Lcdo. Luis Román Negrón
      Procurador General

      Lcda. Edna E. Rodríguez Benítez
      Procuradora General Auxiliar

Materia: Conducta Profesional – Censura Enérgica por violación a los Cánones 6, 12, 18 y 19 de Ética Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Norman Pietri Castellón          CP-2011-03    Conducta
                                               Profesional


PER CURIAM

San Juan, Puerto Rico, a 20 de junio de 2012.

Nos corresponde atender una querella contra un abogado-notario a quien se le imputa haber incurrido en violaciones a los Cánones 6, 12, 18 y 19 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, Cs. 6, 12, 18 y 19. Por entender que las actuaciones del querellado se apartaron de las normas éticas que rigen el ejercicio de la profesión, censuramos enérgicamente al Lcdo. Norman Pietri Castellón por su conducta.

I

El licenciado Pietri Castellón fue admitido al ejercicio de la abogacía el 9 de abril de 1964 y a la práctica de la notaría el 9 de junio de ese mismo año.

El 2 de julio de 2003 la Sra. Norma Roche Rabell presentó una queja, ante la Oficina del Procurador General, contra el licenciado Pietri Castellón. En síntesis, la señora Roche Rabell relató que era miembro de la Hermandad de Empleados de la Rama Judicial (Hermandad) y solicitó a esa entidad servicios de representación legal para la continuación del trámite de varias querellas sobre asuntos de personal contra la Oficina de Administración de los Tribunales (O.A.T.), ante la Junta de Personal de la Rama Judicial (Junta). A tenor con esa solicitud, el licenciado Pietri Castellón asumió la representación legal de la señora Roche Rabell. La señora Roche Rabell adujo que durante el trámite de los casos ante la Junta, dos de tres querellas por ellas presentadas fueron desestimadas por falta de interés debido al incumplimiento de órdenes para replicar una solicitud de desestimación, contestar interrogatorios y notificar si el caso se sometería por el expediente o seguiría el trámite ordinario. Las querellas Q-01-20 y Q-01-41 versan sobre la impugnación del descuento de un día de salario y la puntuación otorgada en un examen. En lo atinente a la querella Q-01-58, sobre reclutamiento y selección, señaló que el licenciado Pietri Castellón no la asesoró en torno a su derecho a solicitar revisión judicial de la determinación adversa.

En consecuencia, la Oficina del Procurador General presentó una querella contra el licenciado Pietri Castellón por entender que no cumplió con varias órdenes emitidas por la Junta, lo cual motivó la desestimación con

perjuicio por falta de interés; no desplegó todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en la tramitación y solución de los casos; no defendió adecuadamente los intereses de su clienta y no cumplió con el deber personalísimo de mantenerla informada del resultado de sus gestiones profesionales y de su derecho a revisar las determinaciones administrativas que le resultaron adversas.

El licenciado Pietri Castellón respondió la querella de forma oportuna. De entrada, reconoció que no cumplió con la orden de replicar a las mociones de desestimación en los casos relacionados con las querellas Q-01-20 y Q-01-41, situación que intentó remediar sin éxito presentando posteriormente una moción de reconsideración. En torno a la querella Q-01-58, admitió que no le informó directamente a la quejosa de la determinación adversa ni de su derecho a solicitar revisión judicial. Precisó que las notificaciones de órdenes y comunicaciones relacionadas con casos ante la Junta, eran notificadas a la Presidenta de la Hermandad, por tener su oficina contigua a la de esa entidad y por entender que los unionados mantenían comunicación con la funcionaria. Finalmente, reconoció que tales acciones no excusan sus omisiones y su deber de notificar y mantener informada directamente a su clienta, pero que esa realidad refleja que no tuvo interés en ocultar el desenlace de los casos

administrativos que desembocaron en la querella que nos ocupa.

Vista la Querella presentada por la Oficina del Procurador General y la contestación a ésta, mediante Resolución de 20 de octubre de 2011 designamos como Comisionada Especial a la Hon. Crisanta González Seda, ex jueza del Tribunal de Primera Instancia, para que recibiera la prueba necesaria y rindiera un informe con sus determinaciones de hechos y recomendaciones. Luego de celebradas las vistas en su fondo ante la Comisionada Especial ésta sometió su informe ante este Foro. En éste la Comisionada Especial concluyó que el licenciado Pietri Castellón violó los Cánones 6, 12, 18 y 19 del Código de Ética Profesional, *supra*. La Comisionada Especial determinó que el licenciado Pietri Castellón no justificó y, por el contrario, admitió que incumplió con las órdenes emitidas por la Junta, por lo que violó el Canon 6 del Código de Ética Profesional, *supra*. Al evaluar la prueba sobre la violación al Canon 12 del Código de Ética Profesional, *supra*, la Comisionada Especial estimó que el licenciado Pietri Castellón incumplió con el deber de puntualidad y su obligación de desplegar las diligencias necesarias para asegurar la debida tramitación de los casos administrativos referidos. De igual forma, la Comisionada Especial determinó que la falta de diligencia que conllevó la desestimación con perjuicio de dos (2) querellas por falta de interés e inactividad constituyó una violación al Canon 18 del Código de Ética Profesional,

*supra.* Finalmente, la Comisionada Especial destacó que la relación entre la señora Roche Rabell y el licenciado Pietri Castellón era de naturaleza personal, no a través de la Hermandad, por lo que su comunicación tenía que ser directa y efectiva con su cliente. Ante la prueba y la admisión del licenciado Pietri Castellón de que no mantuvo informada directamente a la señora Roche Rabell de los asuntos relevantes de los casos administrativos en cuestión, la Comisionada Especial también concluyó que violó el Canon 19 del Código de Ética Profesional, *supra.*

A pesar de lo anterior, la Comisionada Especial precisó que existían atenuantes, por lo que recomendó que el licenciado Pietri Castellón fuera amonestado o censurado por la conducta desplegada. Los atenuantes a los que aludió consisten en que el letrado aceptó las faltas cometidas; nunca ha sido objeto de otras querellas durante los cuarenta y ocho (48) años en el ejercicio de la abogacía; no surge evidencia de perjuicio económico sufrido por la quejosa; y que tampoco quedó establecido que el ánimo de lucro fuera el motivo de su conducta.

Examinemos en detalle los hechos en los que incurrió el letrado Pietri Castellón que conllevan ejercer nuestra facultad disciplinaria.

## II

La señora Roche Rabell se desempeña como secretaria del Tribunal de Primera Instancia y está afiliada a la Hermandad, entidad que a su vez se constituyó como un capítulo del Sindicato Puertorriqueño de Trabajadores

(Sindicato). La señora Roche Rabell solicitó a la Hermandad los servicios de representación legal en varias querellas sobre asuntos de personal, instadas por ésta contra la O.A.T., ante la Junta.

En consecuencia, la Hermandad refirió al licenciado Pietri Castellón las siguientes querellas, presentadas previamente por la señora Roche Rabell: Q-01-18 (consolidada con la Q-01-17), motivada por la no concesión a la quejosa y otros empleados de un aumento de sueldo de cien dólares ($100.00), establecido mediante la Ley Núm. 410-2000, según enmendada; Q-01-20, relacionada con una ausencia de la quejosa, la cual fue catalogada por O.A.T. como no autorizada; Q-01-41, la cual fue motivada por la insatisfacción de la señora Roche Rabell en la puntuación adjudicada en un examen; Q-01-58 (consolidada con la Q-01-43), relacionada con el cuestionamiento a proceso de reclutamiento y selección del puesto de Secretaria de Tribunal II.[1] Examinemos el tracto procesal de cada una de las querellas.

La Q-01-18 (consolidada con la Q-01-17) fue resuelta en los méritos por la Junta a favor de la O.A.T y la Q-01-58 se resolvió por sentencia sumaria a favor de la O.A.T. El licenciado Pietri Castellón admitió que no notificó directamente a su clienta el fallo adverso y su derecho a solicitar revisión de las mismas. El letrado se limitó a

---

[1] En su querella, la señora Roche Rabell también adujo que el licenciado Pietri Castellón la representó en la Q-02-22. No obstante, según consta en una certificación de la Hermandad, dicha querella no fue referida al letrado.

notificar las órdenes y resoluciones de las querellas referidas a la Presidenta de la Hermandad.

En torno a la Q-01-20, el licenciado Pietri Castellón no cumplió con una orden de la Oficial Examinadora de la Junta, mediante la cual le concedió treinta días para replicar la solicitud de desestimación de la O.A.T. Ante dicho incumplimiento, la Oficial Examinadora concedió un nuevo término de diez días para que mostrara causa por la cual no debía desestimarse la querella por falta de interés.

Nuevamente, el licenciado Pietri Castellón incumplió. En consecuencia, la Junta desestimó la querella Q-01-20 con perjuicio. Aunque el licenciado Pietri Castellón presentó oportunamente una moción de reconsideración, la cual no resultó exitosa, la realidad es que no expuso justificaciones ni solicitó indulgencias por sus incumplimientos.

En lo atinente a la Q-01-41, el licenciado Pietri Castellón incumplió una orden para contestar los interrogatorios cursados por la O.A.T. Además, incumplió una orden dirigida a informar si el caso administrativo se sometería por el expediente o si se continuaría con el procedimiento ordinario.

Ante el incumplimiento con esas órdenes, la Junta desestimó la querella Q-01-41 por falta de interés de la parte promovente. De igual forma, el licenciado Pietri Castellón tampoco mantuvo informada directamente a su clienta, en torno a las fases relevantes del caso

administrativo, la determinación adversa y su derecho a solicitar revisión.

### III

El Canon 6 del Código de Ética Profesional, *supra,* dispone:

> Al prestar sus servicios profesionales ante organismos legislativos o administrativos el abogado debe observar los mismos principios de ética profesional que exige su comportamiento ante los tribunales. Es impropio de un abogado ocultar su gestión profesional ante dichas agencias gubernamentales mediante el empleo de terceros o de medios indirectos para promover determinada acción gubernamental en interés de su cliente. Un abogado que ejerza su profesión y que además ocupe un cargo legislativo o gubernamental debe anteponer el interés público al de su cliente cuando ambos vengan en conflicto e inmediatamente renunciar la representación del cliente.

El Canon 12 del Código de Ética Profesional, *supra,* establece que:

> Es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas. Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución. Sólo debe solicitar la suspensión de vista cuando existan razones poderosas y sea indispensable para la protección de los derechos sustanciales de su cliente.

De otra parte, el Canon 18 del Código de Ética Profesional, *supra*, dispone, en lo pertinente, que:

> Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.

Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.

El Canon 19 del Código de Ética Profesional, *supra*, dispone además:

El abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado.

Siempre que la controversia sea susceptible de un arreglo o transacción razonable debe aconsejar al cliente el evitar o terminar el litigio, y es deber del abogado notificar a su cliente de cualquier oferta de transacción hecha por la otra parte.

El abogado que representa varios clientes con intereses comunes o relacionados entre sí no debe transigir ninguno de los casos envueltos sin que cada cliente esté enterado de dicha transacción y sus posibles consecuencias.

Sabido es que el abogado que rinde servicios profesionales ante organismos administrativos debe observar los mismos principios de ética profesional que exige su comportamiento ante los tribunales. Es por ello que debemos analizar las actuaciones y omisiones del licenciado Pietri Castellón, a la luz de los deberes impuestos por los Canones 12, 18 y 19, *supra*. Veamos.

El Canon 12 del Código de Ética Profesional, *supra*, le impone a todo letrado el deber de tramitar las causas de forma responsable, con puntualidad y diligencia. In re Vélez Báez, 176 D.P.R. 201 (2009). La función de un abogado requiere desempeñarse con la mayor diligencia, responsabilidad e integridad. In re Rosado Nieves, 159 D.P.R. 746 (2003).

Como corolario del deber plasmado en el Canon 12 de Ética Profesional la conducta de un abogado no debe obstaculizar la resolución de un caso. *In re Vélez Báez*, *supra*. Las actuaciones y omisiones que pongan en riesgo la acción de su cliente, son violaciones patentes a dicho postulado ético. *In re Cuevas Velázquez*, 174 D.P.R. 433 (2008). La falta de diligencia en la tramitación de los casos y el incumplimiento con las órdenes constituyen un patrón de conducta sumamente irresponsable. Íd. Véanse, además, *In re Rosado Nieves*, *supra*; *In re Grau Díaz*, 154 D.P.R. 70 (2001).

El Canon 18 del Código de Ética Profesional, supra, dispone por su parte que un abogado tiene que defender los derechos de su cliente de forma diligente, desplegando en cada caso su más profundo saber y actuando con responsabilidad. *In re Cuevas Velázquez*, *supra*. Cuando un abogado incumple con las órdenes de un organismo administrativo, falta al deber de mantener notificado a su cliente, y por su descuido o negligencia expone a este último a la pérdida de sus derechos, incurre en una violación del Canon 18 del Código de Ética Profesional, *supra*.

Al aceptar representar a un cliente y posteriormente no realizar gestiones profesionales adecuadas conlleva irremediablemente a incumplir con los postulados más básicos del Canon 18 del Código de Ética Profesional, *supra*; *In re Águila López*, 152 D.P.R. 49 (2000). Sabido es que la representación legal adecuada requiere que se ejerza la profesión con celo, cuidado y prudencia. *In re Acosta Grubb*, 119 D.P.R. 595 (1987). Una vez el abogado acepta representar

a un cliente, tiene la responsabilidad de descargar su labor con rapidez y eficiencia. Íd.

El Canon 19 del Código de Ética Profesional, *supra*, exige que el abogado mantenga comunicación efectiva con su cliente. Consecuentemente hemos afirmado que esta obligación es separada e independiente de su deber de diligencia y eficiencia. In re Cuevas Velázquez, *supra*. El citado Canon requiere que el abogado mantenga informado a su cliente de las gestiones realizadas y del desarrollo del asunto a su cargo, consultándole cualquier duda sobre asuntos que no caigan en el ámbito discrecional del abogado. In re Acosta Grubb, *supra*.

El abogado debe desplegar sus funciones de forma diligente, de forma tal que evite dilaciones indebidas y mantenga a su cliente informado. Íd. El deber de comunicación efectiva es imprescindible en la relación fiduciaria que caracteriza el vínculo abogado-cliente. In re Criado Vázquez, 155 D.P.R. 436 (2001). Se incumple el Canon 19 del Código de Ética Profesional cuando no se atienden los reclamos de información del cliente, no se le informa del resultado adverso, no se mantiene al cliente informado del estado o situación procesal del pleito, o se le niega al cliente información de su caso. In re Acevedo Álvarez, 143 D.P.R. 293 (1997); In re Vélez Valentín, 124 D.P.R. 403 (1989).

IV

En el caso que nos ocupa, el querellado Pietri Castellón violentó los Cánones 6, 12, 18 y 20 del Código de Ética Profesional, *supra*. Un examen del expediente y de la evidencia presentada revela que el licenciado Pietri

Castellón incumplió con varias órdenes de la Junta, cuya omisión provocó la desestimación con perjuicio de dos de las querellas en las que figuraba como representante legal de la señora Roche Rabell.

A pesar de ejercer el derecho laboral desde hace más de cuatro décadas en agencias administrativas, el licenciado Pietri Castellón no defendió los intereses de su clienta diligentemente ante la Junta, ni desplegó su más profundo saber y habilidad. Tampoco se desempeñó al máximo de su capacidad. Todo lo contrario. La desatención de las órdenes de la Junta, no ofrecer la información requerida y no oponerse a una moción de desestimación presentada por la O.A.T. constituyeron ciertamente violaciones al Canon 18 del Código de Ética Profesional, *supra*. No nos convence el argumento del letrado Pietri Castellón dirigido a minimizar su inacción ante las órdenes de la Junta en la querella relacionada con el descuento de un día de sueldo. El querellado planteó que, a su juicio, el descuento nunca se realizó por lo que eventualmente la quejosa pudiera radicar una nueva querella de ello efectuarse en el futuro. Si bien es cierto que el licenciado Pietri Castellón asumió la representación legal una vez las querellas fueron radicadas, no es menos cierto que de entender que el planteamiento no tenía mérito debió notificarlo a su clienta y renunciar formalmente a la representación legal en caso de persistir el interés de la quejosa en continuar con la reclamación. In re Flores Ayftán, 170 D.P.R. 126 (2007).

El propio licenciado Pietri Castellón admitió que omitió notificar directamente a su clienta de los asuntos

importantes de los casos administrativos que nos ocupan. Además, no le informó a su clienta el resultado de éstos y sobre su derecho de revisar las determinaciones adversas. Como circunstancia atenuante, el letrado nos plantea que todas las órdenes y resoluciones fueron notificadas a la Presidenta de la Hermandad. Tal acción no lo exonera de cumplir cabalmente con el Canon 19 del Código de Ética Profesional. La relación abogado-cliente entre la Hermandad y el licenciado Pietri Castellón no aminora, menoscaba o precluye la existente entre éste y la señora Roche Rabell. Es decir, la relación abogado-cliente entre la quejosa y el querellado opera *ex proprio vigore* y la inobservancia de los deberes que emanan de los Canones de Ética Profesional no se desvanecen ante la satisfacción que pueda tener la Hermandad con los servicios prestados por el licenciado Pietri Castellón.

Las actuaciones y omisiones antes relatadas reflejan indiscutiblemente que el licenciado Pietri Castellón violó los Cánones 6, 12, 18 y 19 del Código de Ética Profesional, *supra*, al no actuar diligentemente, incumplir con las órdenes de la Junta y no mantener informada directamente a su clienta, lo cual culminó en la desestimación con perjuicio de dos querellas y la imposiblidad de solicitar revisión judicial en las restantes, las cuales también resultaron adversas a la señora Roche Rabell. Todas estas situaciones son atribuidas exclusivamente al abogado y no a su representada. Tampoco responden a los méritos de la causa de acción.

V

Una vez determinado que el querellado incurrió en conducta prohibida por el Código de Ética Profesional nos corresponde imponer la sanción adecuada.

Al momento de estimar la sanción disciplinaria a un abogado por conducta impropia debemos considerar el historial previo del abogado; si goza de buena reputación; la aceptación de la falta y su sincero arrepentimiento; si la falta fue realizada con ánimo de lucro; y cualquier otro factor pertinente a los hechos. In re Amill Acosta, 181 D.P.R. 934 (2011); In re Rodríguez Lugo, 175 D.P.R. 1023 (2009).

Para ello, recordamos que este Tribunal no está obligado a aceptar la recomendación del informe de la Comisionada Especial, ya que podemos adoptar, modificar o rechazar el mismo, aunque de ordinario sostenemos sus conclusiones de hecho salvo que se demuestre prejuicio, parcialidad o error manifiesto. In re Gordon Menéndez I, 171 D.P.R. 210, 217 (2007).

Del expediente del licenciado Pietri Castellón surge que ésta es la primera querella presentada en su contra en casi cincuenta años de la práctica de la abogacía. Asimismo, el abogado goza de una buena reputación. Aunque ciertamente el togado no fue el primer representante legal de la señora Roche Rabell y, en consecuencia, no fue quien preparó las querellas originales, no podemos abstraernos que los hechos que dan lugar a las violaciones éticas son atribuidos exclusivamente a las actuaciones del letrado. El abogado no

presentó justificación a sus incumplimientos y omisiones en el foro administrativo.

No obstante, coincidimos y le brindamos deferencia a la recomendación brindada por la Honorable Comisionada Especial, toda vez que del expediente y la prueba desfilada se desprenden atenuantes adicionales a los previamente señalados. En primer lugar, el licenciado Pietri Castellón ha aceptado las omisiones señaladas y ello constituye ciertamente un atenuante a considerar, al momento de sancionar a un abogado. In re Vilches López, 170 D.P.R. 793, 801 (2007). En segundo lugar, no nos encontramos ante conducta impropia producto del ánimo de lucro. Finalmente, no surge evidencia de perjuicio económico sufrido por la quejosa.

Este Tribunal ha sido consecuente en limitarse a amonestar o censurar a los abogados que incurren por primera vez en faltas similares a las imputadas al licenciado Pietri Castellón, al tomar en cuenta que han gozado de buena reputación en cuanto a sus funciones como abogados y de que se trata de un primer hecho aislado. In Re Delannoy Solé, 172 D.P.R. 95 (2007); In Re Alonso Santiago, 165 D.P.R. 555 (2005); In Re Criado Vázquez, 155 D.P.R. 436 (2001).

Por tratarse de un incidente que, aunque involucra a una sola clienta, está relacionado con varios casos administrativos, consideramos insuficiente una mera amonestación. En vista de lo anterior, censuramos enérgicamente la conducta del Lcdo. Norman Pietri Castellón y le apercibimos de que si incurre nuevamente en conducta contraria a los Cánones del Código de Ética Profesional que

rigen la profesión de la abogacía será sancionado rigurosamente.

Notifíquese personalmente esta Opinión *Per Curiam* al Lcdo. Norman Pietri Castellón por la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Norman Pietri Castellón           CP-2011-03         Conducta
                                                      Profesional




SENTENCIA

San Juan, Puerto Rico, a 20 de junio de 2012.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente Sentencia, se censura enérgicamente la conducta del Lcdo. Norman Pietri Castellón y se le apercibe de que si incurre nuevamente en conducta contraria a los Cánones del Código de Ética Profesional que rigen la profesión de la abogacía será sancionado rigurosamente.

Notifíquese personalmente esta Opinión *Per Curiam* al Lcdo. Norman Pietri Castellón por la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal. El Juez Presidente señor Hernández Denton no intervino.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo