per curiam:
En el presente caso nos corresponde atender una querella ética contra un abogado por su incomparecen-cia a dos señalamientos ante el Tribunal de Primera Ins-tancia y por no presentar el informe de conferencia con antelación al juicio. Tales actuaciones conllevaron la deses- *649 timación con perjuicio de la causa de su representada. Por los fundamentos que exponemos a continuación, suspende-mos inmediatamente al Ledo. Nelson Ramos Hernández de la práctica de la profesión por un término de tres meses.
I
El licenciado Ramos Hernández fue admitido al ejercicio de la abogacía el 4 de enero de 1994 y al de la notaría el 16 de septiembre de ese mismo año.
El 2 de julio de 2007 la Sra. Delfina Santiago Marrero presentó una queja contra el licenciado Ramos Hernández. Esta fiae juramentada el 5 de julio de 2007. En síntesis, la señora Santiago Marrero relató que contrató los servicios profesionales del abogado Ramos Hernández para que con-tinuara con su representación legal en un caso de daños y perjuicios. Adujo que durante el trámite de la causa de ac-ción, el letrado demostró falta de diligencia, interés y com-promiso en el asunto encomendado. Además, sostuvo que el licenciado Ramos Hernández no la mantuvo informada so-bre el trámite ante el Tribunal de Primera Instancia y, luego de múltiples gestiones, le informó cómo el tribunal percibía el caso y que renunciaría a su representación legal. La se-ñora Santiago Marrero señaló que las omisiones del abo-gado Ramos Hernández conllevaron que el 20 de abril de 2007 el foro primario emitiera una sentencia desestimando con perjuicio su causa de acción.
El licenciado Ramos Hernández respondió la queja de forma oportuna. El letrado adujo que mantuvo comunica-ción constante con la señora Santiago Marrero al punto que gestionó buscarle empleo y atendió otros asuntos por los cuales no devengó honorarios. Con respecto a la causa de acción presentada, y ante las advertencias del caso que hizo el Tribunal de Primera Instancia, conversó con su dienta sobre la situación y le advirtió de las consecuencias *650 de continuar con un recurso frívolo. Según el licenciado Ramos Hernández, la señora Santiago Marrero aceptó que carecía de prueba para demostrar los supuestos daños, por lo que no tenía interés en continuar con el caso. A su vez, relató que explicó personalmente el derecho vigente y el requerimiento de prueba que solicitaba el tribunal.
A base de lo expuesto por las partes, la Oficina de la Procuradora General emitió su Informe el 3 de octubre de 2007. Posteriormente, instruimos al Procurador General a que presentara las querellas correspondientes. En resu-men, en la querella se alega que el abogado incumplió con el Canon 12 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, al no comparecer a los señalamientos del Tribunal de Primera Instancia sin excusar su incomparecencia. Se ex-pone que la conducta desplegada apunta a una falta de diligencia por parte del letrado en la defensa de los intere-ses de su cliente, lo que constituye una violación al Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. De igual forma, en la querella se señala que el abogado Ramos Hernández violó el Canon 20 del Código de Ética Profesio-nal, 4 L.P.R.A. Ap. IX, al no renunciar oportunamente al caso y presentar su renuncia luego de dictada la sentencia.
Mediante Resolución de 4 de marzo de 2010, designa-mos a la Hon. Eliadís Orsini Zayas, exjueza del Tribunal de Primera Instancia, como Comisionada Especial para que recibiera la prueba necesaria y rindiera un informe con sus determinaciones de hechos y recomendaciones. Luego de celebradas las vistas en su fondo ante la Comi-sionada Especial, ésta sometió su informe ante este Foro. En éste la Comisionada Especial concluyó que del expe-diente del trámite ante el Tribunal de Primera Instancia surge que el licenciado Ramos Hernández violó los Cáno-nes 12, 18 y 20 del Código de Ética Profesional, supra. La Comisionada Especial destacó que el testimonio de la se-ñora Santiago Marrero —relacionado con sus imputaciones *651 de que no tenía comunicación con el querellado y otros as-pectos relacionados— es fundamentalmente mendaz. De igual forma, la Comisionada Especial enfatizó que la con-ducta de la representada y su falta de diligencia dificulta-ban su representación profesional.
A pesar de lo anterior, la Comisionada Especial deter-minó que el expediente judicial refleja un desempeño ne-gligente del abogado Ramos Hernández, demostrativo de las violaciones imputadas. Sin embargo, la Comisionada Especial concluyó que existían atenuantes, por lo que reco-mendó que el licenciado Ramos Hernández fuera amones-tado por la conducta desplegada. Los atenuantes a los que aludió la Comisionada Especial consisten en que el letrado era el tercer representante legal de la querellante y la se-ñora Santiago Marrero desplegó una conducta de falta de cooperación y diligencia en una causa de acción con muy poca o ninguna probabilidad de prevalecer.
Veamos en detalle los hechos en los que incurrió el le-trado Ramos Hernández que conllevan ejercer nuestra fa-cultad disciplinaria.
II
Las incidentes que dan lugar a la querella presentada tienen su origen cuando el 22 de mayo de 2006 el letrado Ramos Hernández compareció como el tercer represen-tante legal de la señora Santiago Marrero en el caso de daños y perjuicios, Delfina Santiago Marrero v. María Rosado Ruiz, Caso Civil Núm. J DP2004-0333, que fue pre-sentado el 29 de julio de 2004. El 15 de junio de 2006 el Tribunal de Primera Instancia aceptó la representación del abogado Ramos Hernández.
Al momento de asumir la representación legal, el caso estaba señalado para el 23 de mayo de 2006 a los fines de celebrar la Conferencia con Antelación a Juicio. El licen-ciado Ramos Hernández compareció en dicha fecha y solicitó tiempo adicional para examinar toda la documentación y *652 alegaciones de la demanda, por lo que se reseñaló la Con-ferencia con Antelación a Juicio para el 16 de noviembre de 2006.
En la fecha pautada de 16 de noviembre de 2006 el li-cenciado Ramos Hernández compareció y presentó sus ex-cusas al foro primario en cuanto a las razones por las cua-les no se presentó el Informe de Conferencia con Antelación a Juicio integrado. El Tribunal de Primera Ins-tancia pautó la conferencia para el 20 de febrero de 2007.
Conforme se desprende de la minuta de los procedi-mientos, el 20 de febrero de 2007 el letrado Ramos Hernán-dez no compareció ni se comunicó con el Tribunal de Pri-mera Instancia. Así las cosas, el foro primario impuso al licenciado una sanción económica de cien dólares. De igual forma, el Tribunal de Primera Instancia le advirtió que el incumplimiento de cualquier orden conllevaría la desesti-mación del pleito. Nuevamente, el Tribunal de Primera Instancia reseñaló la conferencia. La nueva fecha pautada lo fue el 19 de abril de 2007. El acta fue notificada al licen-ciado Ramos Hernández y a la señora Santiago Marrero.
Otra vez, el licenciado Ramos Hernández no compareció a la conferencia el 19 de abril de 2007 y tampoco presentó sus excusas. La parte demandada expresó que el abogado Ramos Hernández nunca se comunicó para rendir el co-rrespondiente informe de conferencia con antelación al jui-cio y solicitó la desestimación del caso. El Tribunal de Pri-mera Instancia declaró con lugar el petitorio. Como consecuencia, el foro primario emitió la sentencia el 20 de abril de 2007, en la que expuso el trámite que dio lugar a la desestimación. Específicamente, indicó que existía una falta de interés de la parte demandante en continuar con su reclamo. Con relación a ello, el foro primario aludió a las incomparecencias a los señalamientos, al incumplimiento de no presentar el correspondiente informe con antelación al juicio y de no pagar la sanción económica impuesta, y a la falta de excusas por sus incomparecencias; todas estas razones atribuidas al licenciado Ramos Hernández.
*653 El 1 de mayo de 2007 el abogado Ramos Hernández soli-citó la reconsideración del dictamen y la renuncia de repre-sentación legal. El letrado expresó que orientó a la señora Santiago Marrero con relación al pleito, a la jurisprudencia relacionada y a la posible ausencia de daños vinculados directamente a las palabras de riñas. Además, manifestó que se habían producido discrepancias suficientes con su cliente que requerían su renuncia a la representación legal existente. El licenciado Ramos Hernández procedió al pago de la sanción económica impuesta y solicitó que se le conce-diera a la señora Santiago Marrero un tiempo razonable para contratar una nueva representación. Sin embargo, el letrado no expresó ni justificó las razones de sus incompare-cencias y de su incumplimiento con la preparación del in-forme ordenado por el Tribunal de Primera Instancia. La desestimación con perjuicio advino final y firme.
III
El Canon 12 del Código de Ética Profesional, supra, dis-pone:
Es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de las causas. Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución. Sólo debe solicitar la suspensión de vista cuando existan razones poderosas y sea indispensable para la protec-ción de los derechos sustanciales de su cliente.
Por otra parte, el Canon 18 del Código de Ética Profe-sional, supra, dispone, en lo pertinente, que:
Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuada-mente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.
*654 Es deber del abogado defender los intereses del cliente dili-gentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurí-dica en general estima adecuada y responsable.
La clase togada está obligada a ser puntual en el trámite de las controversias y en el despliegue de toda diligencia necesaria ante el tribunal, independientemente de la etapa en que se encuentre el litigio. Véanse: In re Muñoz, Morell, 182 D.P.R. 739 (2011); In re Rodríguez Villalba, 160 D.P.R. 774, 779 (2003); In re Grau Díaz, 154 D.P.R. 70, 75-76 (2001); In re Pagán Hernández, 141 D.P.R. 113, 118 (1996). Como parte de sus funciones, los abogados deben asegurarse de que sus actuaciones fomenten la justa, rápida y económica solución de las controversias. In reAvilés Vega, 141 D.P.R. 627, 632 (1996). Resulta impropio y reprochable que un abogado asuma una representación profesional cuando es consciente de que no puede rendir una labor idónea o que no puede prepararse adecuadamente. In re Guadalupe, Colón, 155 D.P.R. 135, 153 (2001).
Si el abogado deja de comparecer sin justificación al-guna ante los tribunales, dilatando así los procedimientos y la causa de acción, viola el Canon 12, supra. In re Vilches López, 170 D.P.R. 793, 800 (2007); In re Soto Colón, 155 D.P.R. 623, 644 (2001). De igual forma, un patrón de: (1) falta de actuar de forma adecuada en el proceso judicial; (2) indiferencia a los requerimientos que ha hecho un tribunal, o (3) actuaciones negligentes que puedan conllevar, o en efecto resulten en, la desestimación o el archivo del caso, constituyen violaciones al citado Canon 18. In re Vilches López, supra, pág. 798; In re Rodríguez Villalba, supra, pág. 780. Por lo tanto, el representante de la clase togada que no comparece a los señalamientos de vista ante el tribunal de instancia, incumple con las órdenes emiti-das, no tramita adecuadamente el caso y viola los Cánones 12 y 18 del Código de Etica Profesional, supra. Véanse: In *655 re Rivera Ramos, 178 D.P.R. 651, 674 (2010); In re Grau Diaz, supra, págs. 77-78.
Por otra parte, el Canon 20 del Código de Ética Profesional, supra, regula la renuncia de representación legal al disponer lo siguiente:
Cuando el abogado haya comparecido ante un tribunal en representación de un cliente no puede ni debe renunciar la representación profesional de su cliente sin obtener primero el permiso del tribunal y debe solicitarlo solamente cuando exista una razón justificada e imprevista para ello.
Antes de renunciar [a] la representación de su cliente el abogado debe tomar aquellas medidas razonables que eviten perjuicio a los derechos de su cliente tales como notificar de ello al cliente; aconsejarle debidamente sobre la necesidad de una nueva representación legal cuando ello sea necesario; con-cederle tiempo para conseguir una nueva representación legal; aconsejarle sobre la fecha límite de cualquier término de ley que pueda afectar su causa de acción o para la radicación de cualquier escrito que le pueda favorecer; y el cumplimiento de cualquier otra disposición legal del tribunal al respecto, inclu-yendo la notificación al tribunal de la última dirección cono-cida de su representado.
Al ser efectiva la renuncia del abogado debe hacerle entrega del expediente y de todo documento relacionado con el caso y reembolsar inmediatamente cualquier cantidad adelantada que le haya sido pagada en honorarios por servicios que no se han prestado.
Cuando un cliente es negligente y no coopera con su abogado en la tramitación de su caso, el abogado debe re-nunciar la representación legal existente. No renunciar impide al letrado representar adecuadamente a su cliente y constituye un error de juicio y una violación al Canon 20 del Código de Ética Profesional, supra. Véanse: In re Cruz Tollinche, 112 D.P.R. 699, 699-700 (1982); Fine Art Wallpaper v. Wolff, 102 D.P.R. 451, 458-459 (1974). Claro está, la renuncia de la representación legal siempre está atada a obtener el permiso del tribunal y tomar aquellas medidas razonables para evitar el perjuicio de su representado.
*656 IV
En el caso que nos ocupa, el querellado Ramos Hernán-dez violó los Cánones 12, 18 y 20 del Código de Ética Pro-fesional, supra. Un examen del expediente judicial del caso de daños y perjuicios ante el Tribunal de Primera Instan-cia demuestra que desde que el licenciado Ramos Hernán-dez asumió y fue aceptada su representación legal, incum-plió con su deber de diligencia, lo que repercutió en dilaciones al trámite ante el foro primario y en su eventual desestimación con perjuicio.
Desde que el licenciado Ramos Hernández compareció el 23 de mayo de 2006 conocía la necesidad de presentar el informe de conferencia con antelación a juicio y que los procedimientos estaban pautados para celebrar la confe-rencia relacionada. Sin embargo, el 16 de noviembre de 2006 el abogado presentó sus excusas, por lo que se rese-ñalaron los procedimientos para el 20 de febrero de 2007. No obstante, el abogado Ramos Hernández no compareció, no se excusó y tampoco presentó el correspondiente informe. Tales actuaciones conllevaron sanciones económi-cas y la suspensión de los procedimientos, los que fueron señalados para el 19 de abril de 2007. Nuevamente, el le-trado no se presentó a los procedimientos ni se excusó por su incomparecencia. A esta fecha no había presentado el informe de conferencia con antelación al juicio ni había pagado la sanción económica impuesta por el Tribunal de Primera Instancia. Su actitud conllevó la desestimación con perjuicio de la causa de acción de su representada. Luego de ello, el querellado presentó su renuncia ante el foro primario.
Durante el proceso disciplinario, el licenciado Ramos Hernández no justificó sus incomparecencias ante el foro primario y, mucho menos, el incumplimiento al no rendir el informe ordenado. El licenciado Ramos Hernández en nin-gún momento informó al Tribunal de Primera Instancia *657 sus alegaciones de que su representada no tenía interés en proseguir con su caso. Sus argumentos durante el trámite de la querella se limitaron a establecer la falta de coopera-ción de su representada y la poca probabilidad de los mé-ritos de la causa de acción.
Las actuaciones y omisiones antes relatadas reflejan in-discutiblemente que el licenciado Ramos Hernández violó los Cánones 12, 18 y 20 del Código de Ética Profesional, supra, al no actuar diligentemente, retrasar los procedi-mientos, incumplir con las órdenes del tribunal y no com-parecer a los señalamientos, lo cual culminó en la desesti-mación con perjuicio de la demanda presentada por la señora Santiago Marrero. Todas estas situaciones son atri-buidas exclusivamente al abogado y no a su representada; tampoco responden a los méritos de la causa de acción.
V
Una vez determinado que el querellado incurrió en una conducta prohibida por el Código de Ética Profesional, nos corresponde imponer la sanción adecuada. Para ello, recordamos que este Tribunal no está obligado a aceptar la recomendación del informe de la Comisionada Especial, ya que podemos adoptarlo, modificarlo o rechazarlo, aunque de ordinario sostenemos sus conclusiones de hecho, salvo que se demuestre prejuicio, parcialidad o error manifiesto. In re Gordon Menéndez I, 171 D.P.R. 210, 217 (2007). Al momento de estimar la sanción disciplinaria a un abogado por conducta impropia, debemos considerar el historial previo del abogado, si goza de buena reputación, la aceptación de la falta y su sincero arrepentimiento, si la falta fue realizada con ánimo de lucro, y cualquier otro factor pertinente a los hechos. In re Amill Acosta, 181 D.P.R. 934 (2011); In re Rodríguez Lugo, 175 D.P.R. 1023 (2009).
Del expediente del licenciado Ramos Hernández surge que ésta es la primera querella presentada en su contra. *658 Únicamente surge que el Colegio de Abogados informó en el 2006 que el letrado tenía al descubierto el pago de la fianza notarial. Sin embargo, el Colegio de Abogados in-formó posteriormente que el licenciado Ramos Hernández pagó la fianza. Cónsono con ello, este Tribunal archivó el asunto y apercibió al letrado de que en el futuro debía cum-plir estrictamente con la ley y que su incumplimiento po-dría dar lugar a medidas disciplinarias. Asimismo, el abo-gado goza de una buena reputación. Aunque ciertamente el togado no fue el primer representante legal de la señora Santiago Marrero y ésta dificultó su representación legal, no podemos abstraemos de que los hechos que dan lugar a las violaciones éticas son atribuidos exclusivamente a las actuaciones del letrado. El abogado no justificó sus incom-parecencias ante el foro primario, a no pagar la sanción económica impuesta dentro del término ordenado y a no presentar el informe de conferencia con antelación a juicio.
En vista de lo anterior, ordenamos la suspensión inme-diata del Ledo. Nelson Ramos Hernández de la práctica de la profesión por un término de tres meses. El querellado tiene el deber de notificar a todos sus clientes su inhabili-dad para continuar con su representación y deberá devol-verles los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no rendidos. Además, tiene el deber de informar oportunamente su suspensión a los foros judiciales y administrativos pertinentes. Estas gestiones deberán certificarse a este Tribunal dentro del término de treinta días a partir de la notificación de esta decisión. Además, se ordena al Alguacil General de este Tribunal que se incaute de la obra notarial del licenciado Ramos Hernández. Notifíquese personalmente esta Opi-nión per curiam al Ledo. Nelson Ramos Hernández por la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

La Jueza Asociada Señora Pabón Charneco amonestaría enérgicamente al abogado Nelson Ramos Hernández por *659 haber violado las disposiciones que rigen nuestra profesión y le apercibiría de que cualquier inobservancia futura es-tará sujeta a medidas disciplinarias más severas. La Jueza Asociada Señora Fiol Matta se unió a las expresiones de la Jueza Asociada Señora Pabón Charneco. La Juez Asociada Señora Rodríguez Rodríguez no intervino.